**United States District Court**

For the Northern District of California

1
2
3              UNITED STATES DISTRICT COURT
4              NORTHERN DISTRICT OF CALIFORNIA
5    NIKKI POOSHS,                          Case No.  C04-01221 PJH (JCS)
6              Plaintiff(s),
                                            **DISCOVERY ORDER RE: JOINT**
7         v.                                **LETTER [Docket No. 177]**
8    ALTRIA GROUP, INC.,
9              Defendant(s).
     _____/
10
11        On March 5, 2012, the parties filed a Joint Letter concerning several discovery issues in

12   dispute.  Dkt. 177.  On March 16, 2012, a hearing was held.

13        For reasons stated on the record, and good cause shown,

14        IT IS HEREBY ORDERED THAT:

15        1.  Defendants do not have to pay for Plaintiff's expert witnesses' time spent preparing for

16   deposition.  However, Defendants do have to pay for Plaintiff's expert witnesses' time spent

17   traveling to and from the deposition, and time in the deposition.  This rule shall apply to all expert

18   witness depositions.

19        2.  The parties disagree about whether Judge Hamilton's discovery orders forbid

20   supplemental expert opinions under Federal Rule of Civil Procedure 26(e).  The parties are ordered

21   to do the following, without prejudice to arguing before Judge Hamilton that facts and opinions

22   contained in any supplemental reports should be excluded at trial: **Not less than 10 days before a**

23   **deposition**, the party whose expert is being deposed must disclose in a supplemental expert report,

24   any and all opinions reached since the first expert report as of the date of the supplemental report,

25   and the factual basis for those opinions, and any new factual bases for previously reported opinions

26   learned as of the date of the supplemental report.

27        3.  Regarding non-retained experts disclosed by Plaintiff as experts in this case, by **March**

28   **30**, Plaintiff must disclose the facts and opinions to which the non-retained expert is expected to

     testify, in accordance with Federal Rule of Civil Procedure 26(a)(2)(C).

**United States District Court**
For the Northern District of California

1   4.  Regarding experts retained in another case that Plaintiff has disclosed as experts in this

2   case, by **March 30**, Plaintiff must comply with the expert disclosure rules as if the experts were

3   retained in this case.  Such disclosures are without prejudice to arguing before Judge Hamilton that

4   such expert testimony is inadmissible at trial.

5   5.  Plaintiff's Rule 30(b)(6) deposition notices are over broad and require the production of a

6   witness on virtually every fact and document that might be relevant in this case.  Therefore, by

7   **March 23**, the parties shall reach a stipulation that previous corporate depositions of Defendants in

8   other similar actions can be used as if taken in this action.  By **March 30**, Plaintiff must narrow Rule

9   30(b)(6) topics, eliminating those topics that were covered in their previous depositions in other

10  cases and narrowing the remaining topics.  At the same time, Plaintiff shall provide documents for

11  each topic on which Plaintiff will examine each 30(b)(6) witness.  The parties shall also meet and

12  confer by **March 30** to schedule Rule 30(b)(6) depositions.

13  6.  Hill & Knowlton is not excused from providing a Rule 30(b)(6) witness.

14  IT IS SO ORDERED.

15

16  Dated: March 21, 2012

17

18  _____
    JOSEPH C. SPERO
19  United States Magistrate Judge

20

21

22

23

24

25

26

27

28

2