UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NIKKI POOSHS,

    Plaintiff,

    v.

PHILLIP MORRIS USA, INC., et al.,

    Defendants.
_____/

No. C 04-1221 PJH

**SECOND FINAL PRETRIAL ORDER**

Pursuant to Rule 16(e) of the Federal Rules of Civil Procedure, this second final pretrial order is hereby entered and shall control the course of the trial, along with the December 5, 2012 preliminary final pretrial order, unless modified by a subsequent order.

On February 13, 2013, the court heard argument in the following motions, and hereby rules as follows.

    1.    Defendants' Motion for Evidentiary Sanctions

As stated at the hearing, the motion is DENIED and GRANTED in part. With regard to the witness list, the motion is denied with the exception of the motion as to Dr. Valerie Yerger. The motion is granted as to Dr. Yerger, who may not testify as an expert witness (for the reasons stated in the December 5, 2012 order re defendants' motions to exclude expert opinions and testimony); who may not testify as a custodian of records, because she is not a custodian of records; and who may not testify as a fact witness, because she does not have personal knowledge of relevant facts.

With regard to plaintiff's deposition designations, the court finds that they are still not usable, and must be resubmitted, as stated at the hearing, to eliminate all references to evidence the court previously found inadmissible, including but not limited to testimony or

evidence re "candy cigarettes," the "DOJ action," and alleged tortious conduct after December 31, 1987. The request for an award of expenses is denied.

2. Defendants' Motion to Enforce Order Permitting Medical-Expense Discovery
Discovery, and December 20, 2012, Statement re Need for Discovery

As stated at the hearing, the motion is GRANTED in part and DENIED in part. All requests regarding production of documents are granted. At the hearing, plaintiff's counsel stated that plaintiff would provide copies of signed authorizations "by the end of the week." All documents shall be produced within 30 days thereafter. The request for a further deposition of Dr. Barry Horn is denied.

With regard to the evidence of past medical expenses, the evidence will be presented to the jury in accordance with Howell v. Hamilton Meats & Provisions, Inc., 52 Cal. 4th 541 (2011). With regard to the reasonable value of future medical expenses, the parties shall meet and confer regarding a procedure for presenting the evidence to the jury, and, no later than 30 days following the date all documents are produced, shall submit either a stipulation, or two separate proposals (if they are not able to agree on the procedure).

3. Defendant RJ Reynolds Tobacco Company's Motion in Limine No. 3 re Comparative Fault

The court deferred ruling on this motion in the preliminary final pretrial order, pending receipt of supplemental briefing by the parties on the propriety of the allegation in the complaint that plaintiff "complains of defendants, and each of them, for no more than 50% of her total compensatory damages assessed by the fact finder" and the prayer for "general damages according to proof and applicable law at trial up to 50% of the total amount assessed by a fact finder." As an initial matter, the court agrees with plaintiff that this is not a subject that is appropriate for a motion in limine. However, because the jury instructions and verdict forms depend in part on the resolution of this issue, it must be resolved prior to trial.

The court finds that the motion must be GRANTED, as follows. First, it is clear that

comparative fault (like contributory negligence) is an affirmative defense that defendants have the burden of pleading and proving, and that only they can raise. See, e.g., Marich v. MGM/UA Telecomm, Inc., 113 Cal. App. 4th 415, 424 (2003). Here, defendants have not alleged comparative fault as an affirmative defense, and they oppose any instruction to the jury on comparative fault. However, it appears that defendants' intent may be to argue to the jury that not only are they not liable for plaintiff's injuries but that plaintiff bears responsibility for her own injuries, which is in essence a comparative fault argument. On the other hand, plaintiff's attempt to pre-apportion liability appears designed to invite a compromise verdict, which is equally impermissible given that her complaint does not plead that she contributed to her own injuries and in light of the absence of expert evidence establishing that she is 50% responsible for her injuries.

Accordingly, absent introduction of this defense by defendants and absent any expert evidence previously disclosed to defendants, plaintiff will not be permitted to introduce evidence or to testify regarding her belief that she bears some percentage of responsibility for her own injuries. If, however, defendants put on evidence at trial to support an argument that plaintiff is responsible for her own injuries, and if that evidence supports a finding that defendants are in essence arguing a comparative fault affirmative defense, even though not alleged, the court will be required to instruct the jury on comparative fault with a CACI 405-type instruction.

In addition, if at any time prior to trial (not within two weeks as stated at the hearing), any party locates authority – from a California court or any federal court – supporting the giving of a comparative fault instruction where the only mention of comparative fault is in the prayer for relief in the complaint and/or where it has not been asserted by a defendant, the court will consider that authority. The court will not accept any further briefing on this issue.

4. Defendants' Motion for Partial Summary Judgment re the First Cause of Action for Negligence

In the first cause of action in the complaint, plaintiff alleges that "cigarettes –

3

recklessly and negligently manipulated, manufactured, marketed, advertised, distributed and sold by [defendants] – were a substantial contributing factor in causing" her injuries, and also that defendants had a "duty to warn."  Cplt ¶¶ 26-29.

Defendants contend that negligent "manipulation" means negligent design, a claim that is no longer in the case; that negligent "manufacture" is not supported by any facts; that negligent "marketing, advertising, distribution, or sale" does not appear to differ materially from the seventh cause of action for negligent misrepresentation; and that any claim of negligent failure-to-warn does not differ from the other failure-to-warn claims. Thus, defendants assert, the court's order dismissing all design and misrepresentation claims, but not the failure-to-warn claims, necessarily addressed all viable negligence claims that plaintiff had asserted.

In response, plaintiff asserts that the first cause of action is a "garden-variety" or "general" negligence claim, which must be viewed from "the totality of the circumstances," and that individual acts cannot be segregated.  At the hearing, the court instructed plaintiff's counsel to submit a two-page letter brief citing cases supporting this "general" negligence theory.  Plaintiff's brief shall be filed no later than February 27, 2013, and any response by defendants shall be filed no later than March 13, 2013.

5.   Hill & Knowlton

In addition, the negligence and concealment claims asserted against defendant Hill & Knowlton are found in the first and fifth causes of action.  Plaintiff admits that she never asserted a negligent failure to warn claim against Hill & Knowlton, and as with the other defendants, she contends that what remains of the negligence cause of action is a claim of "general" or "garden variety" negligence.  Hill & Knowlton have moved for summary judgment on the negligence claim for the same reasons as the other defendants, and have additionally moved for summary judgment on the concealment claim.  The court granted approval for this additional motion and directed plaintiff to file a response, not to exceed 15 pages, to the issues raised in the Hill & Knowlton motion.  Plaintiff's response shall be filed no later than February 27, 2013, and any response by Hill & Knowlton, not to exceed 15

pages, shall be filed no later than March 13, 2013.

Following the supplemental briefing, the court will issue a separate order regarding defendants' motion for summary judgment on negligence, and the claims asserted against Hill & Knowlton.

**IT IS SO ORDERED.**

Dated: February 15, 2013

_____
PHYLLIS J. HAMILTON
United States District Judge