United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NIKKI POOSHS,

    Plaintiff,

v.

PHILLIP MORRIS USA, INC., et al.,

    Defendants.
_____/

No. C 04-1221 PJH

**ORDER RE PRESENTATION OF MEDICAL EXPENSE DAMAGES**

    On February 15, 2013, the court issued the Second Final Pretrial Order, which instructed the parties that evidence of past medical expenses "will be presented to the jury in accordance with Howell v. Hamilton Meats & Provisions, Inc., 52 Cal. 4th 541 (2011)." With regard to the reasonable value of future medical expenses, the court directed the parties to meet and confer regarding a procedure for presenting the evidence to the jury, and to submit either a stipulation, or two separate proposals. The parties did meet and confer, but were unable to reach any agreement, and thus each side presented a separate proposal, on April 17, 2013.

    California's collateral source rule provides that in determining tort damages, "if an injured party receives some compensation for his injuries from a source wholly independent of the tortfeasor, such payment should not be deducted from the damages which the plaintiff would otherwise collect from the tortfeasor." Helfend v. Souther Cal. Rapid Transit Dist., 2 Cal. 3d 1, 6 (1970). That is, a plaintiff's damage award may not be reduced to account for compensation the plaintiff received from sources independent of the tortfeasor as to amounts the plaintiff would otherwise collect from the tortfeasor. Howell, 52 Cal. 4th

at 548.

Thus, an injured plaintiff whose medical expenses are paid through private insurance may recover as economic damages no more than the amounts paid by the plaintiff or his or her insurer for the medical services received or still owing at the time of trial." Id. at 566.

> [W]hen a medical care provider has, by agreement with the plaintiff's private health care provider, accepted as full payment for the plaintiff's care an amount less than the provider's full bill, evidence of that amount is relevant to prove the plaintiff's damages for past medical expenses and, assuming it satisfies other rules of evidence, is admissible at trial. . . . Where the provider has, by prior agreement, accepted less than a billed amount as full payment, evidence of the full billed amount is not itself relevant on the issue of past medical expenses.

Id. at 567. The Howell rule also applies when the medical payments are paid by Medicare (as opposed to private insurance). See Luttrell v. Island Pacific Supermarkets, Inc., 215 Cal. App. 4th 196, 205-08 (2013).

Accordingly, in this case, while the February 15th order referred to evidence of past medical expenses presented "in accordance with Howell," the clear intent of the order was that the jury would be presented only with evidence of amounts actually paid (not the total amounts billed). Under Howell, amounts billed are irrelevant to past expenses because they greatly exceed the amounts plaintiff's medical providers accepted as payment in full. See id., 52 Cal. 4th at 567. Since plaintiff cannot recover the full amounts billed, evidence of those amounts is irrelevant.

It was because the court in Howell specifically did not address the relevancy or admissibility of evidence of the full billed amount with regard to future medical expenses (or, for that matter, on non-economic damages), that the parties were ordered to meet and confer with regard to how to handle presentation of evidence of future expenses. However, on April 30, 2013, after the parties had submitted their separate proposals, the California Court of Appeal issued the decision in Corenbaum v. Lampkin, __ Cal. Rptr. 3d __, 2013 WL 1801996 (Apr. 30, 2013).

In Corenbaum, the court first noted that under Howell, the full amount billed for the plaintiffs' medical care was not admissible for purposes of determining their damages for

past medical expenses, where the medical providers had accepted lesser amounts as full payment pursuant to prior agreements with the insurers. Id., 2013 WL 1801996 at *8-9.

The court then addressed the question whether the Howell rule applies to damages for future medical expenses, and held that it does. The plaintiffs argued (as plaintiff does here) that the full amount billed for past medical expenses was relevant to the reasonable value of the medical expenses that the plaintiffs were reasonably certain to require in the future. The court noted that this argument "necessarily assumes that the full amount billed for past medical services is relevant to the value of those past medical services," an assumption that the court found was negated and precluded by Howell. Id. at *9.

Because the full amount billed is, under Howell, not relevant to the value of past medical services, the Court of Appeal reasoned that the full amount billed for past medical services cannot be relevant to the value of future medical services. Id. Thus, the court concluded, evidence of the full amount billed for past medical services cannot support an expert opinion on the reasonable value of future medical services, and, in addition, such evidence is not relevant to the amount of non-economic damages. Id. at *10.

Here, the parties' disagreement centers on whether medical bills themselves are admissible after Howell, which held that a plaintiff is entitled to recover only amounts actually paid. Plaintiff believes that bills remain relevant to past medical expenses, future medical expenses, and non-economic damages. Defendants, on the other hand, contend that the actual bills for medical services (which necessarily can only be for past medical services) are irrelevant and inadmissible.

With regard to past medical expenses, the court has already ruled that evidence of past medical expenses will be presented to the jury in accordance with Howell rule, which does not permit the introduction of evidence of total amounts billed when a medical provider has, by agreement with an insurer, accepted as full payment for the plaintiff's care an amount less than the provider's full bill. Accordingly, it is the order of the court that the parties shall stipulate to the amounts paid for past medical expenses.

With regard to future medical expenses and noneconomic damages, while the court

in Howell "express[ed] no opinion" as to the relevance or admissibility of past medical bills, see Howell, 52 Cal. 4th at 567, under Corenbaum, evidence of total amounts billed is not relevant to the value of future medical expenses or to noneconomic damages.

As plaintiff has not presented any proposal with regard to the presentation of future medical expenses, other than having plaintiff "introduce the bills directly," after which her expert, Dr. Horn, "will opine as to the reasonable value" of her future medical costs, it is not clear to the court how plaintiff intends to present evidence of future medical expenses to the jury at all, much less in light of Corenbaum and the court's ruling herein that past medical bills will not be admitted. Similarly, while plaintiff claims that past medical bills are relevant to noneconomic damages, her proposal fails to address any evidence of noneconomic damages apart from past medical bills, which may not be presented to the jury.

**IT IS SO ORDERED.**

Dated: May 22, 2013

PHYLLIS J. HAMILTON
United States District Judge