UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NIKKI POOSHS,

        Plaintiff,

        v.

PHILLIP MORRIS USA, INC., et al.,

        Defendants.

No. C 04-1221 PJH

**FOURTH FINAL PRETRIAL ORDER**

        Pursuant to Rule 16(e) of the Federal Rules of Civil Procedure, this fourth final pretrial order is hereby entered and shall control the course of the trial, along with the December 5, 2012 preliminary final pretrial order, the February 13, 2013 second final pretrial order, and the July 19, 2013 third final pretrial order, unless modified by a subsequent order.

        In the July 19, 2013 Third Final Pretrial Order, the court addressed certain issues with regard to the proposed jury instructions, which had been discussed at the July 12, 2013 pretrial conference. The court advised that it would make the decision as to certain of the disputed instructions, and directed the parties to submit further briefing regarding the remaining disputed instructions.

        1.    Causation

        The court directed the parties to provide additional briefing as to the instructions regarding causation (CACI 430, 431, and 435, and BAJI 3.77; and defendants' special instruction on medical causation). The primary dispute regarding the causation instructions is whether the appropriate instruction is CACI 435 (Causation for Asbestos-Related Cancer

Claims) or CACI 430 (Causation: Substantial Factor), and whether there should be an additional special instruction describing what the plaintiff must prove regarding the medical cause of her injury. In addition, plaintiff wants the court to give CACI 431 (Causation: Multiple Causes). Defendants do not oppose this request, but they do oppose giving both CACI 431 and BAJI 3.77.

As between CACI 435 and 430, plaintiff requests that the court give CACI 435, arguing that it is the appropriate instruction in a California product liability latent cancer case. CACI 435 reads as follows:

> A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It does not have to be the only cause of the harm.
>
> [Name of plaintiff] may prove that exposure to asbestos from [name of defendant]'s product was a substantial factor causing [his/her/[name of decedent]'s] illness by showing, through expert testimony, that there is a reasonable medical probability that the exposure was a substantial factor contributing to [his/her] risk of developing cancer.

Defendants, on the other hand, request that the court give CACI 430 in its entirety, asserting that it is the appropriate instruction because this is not an asbestos case, and there is no authority extending the use of the asbestos-causation instruction to a tobacco liability cancer case. They also request that the court give their Special Instruction No. 4.

CACI 430 reads as follows:

> A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.
>
> [Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.]

Defendants' proposed Special Instruction No. 4 reads as follows:

> Plaintiff claims that her cancer was caused by smoking defendants' cigarettes. To establish this as to a defendant, she must prove within a reasonable medical probability, based upon competent expert testimony, that smoking the defendant's cigarettes more likely than not caused her lung cancer. It is not enough to prove only that it was possible that smoking the defendants' cigarettes caused her lung cancer, or that smoking them increased her risk of lung cancer.

As between CACI 435 and 430, it appears that in advocating for CACI 430, plaintiff

2

is attempting to interject "risk" – as in "potential for developing cancer" – into the equation. The court finds that CACI 435 is more accurate given that plaintiff has already developed cancer, and will give that instruction in addition to defendants' Special Instruction No. 4.  In addition, the court notes that CACI 430 has not been applied to cancer injuries by courts in the State of California.

Finally, the court will not give both CACI 431 and BAJI 3.77 in instructing on multiple causation.  Since the parties do not appear to have any fundamental disagreement with regard to this instruction, the court will give CACI 431, but modified to replace "negligence" with "wrongful conduct," which will include negligent failure to warn and concealment.

2. Failure to warn

The court advised that it would resolve the disputes regarding the instructions on failure to warn.  CACI 1205 (Strict Liability - Failure to Warn - Essential Factual Elements) and CACI 1222 (Negligence - Manufacturer or Supplier - Duty to Warn - Essential Factual Elements) instruct on two varieties of failure to warn.  The instructions are not identical, and lesser proof is required for strict liability failure to warn.  Plaintiff is entitled to present evidence in support of both claims, and the court will give both instructions.

With regard to the parties' versions of the instruction on strict liability failure to warn, the court finds defendants' proposed instruction clearer and more accurate than plaintiff's, as defendants have incorporated only one of the three options in ¶¶ 2, 3, 4, and 5 of CACI 1205 – "potential risks" – and have substituted "the cigarettes plaintiff smoked" for "the product" in the CACI instruction.  For similar reasons, the court will give defendants' proposed instruction on negligent failure to warn, as it is clearer and more accurate than plaintiff's.

In addition, however, the court agrees with defendants that the jury is likely to be confused in the absence of some explanation of the difference between the two ways of proving failure to warn, and in the absence of an instruction that they should find either, but not both.  Accordingly, the parties shall meet and confer, and draft an explanatory instruction to be given along with CACI 1205 and 1222.

### 3. Concealment

Six instructions are at issue with regard to the concealment claim – CACI 1901, 1904, 1905, 1906, 1907, and 1908.

CACI 1901 (Concealment - Elements) includes four options in ¶ 1(a)-(d) with regard to the first element of the claim.  Plaintiff has included all four options, set forth in the disjunctive, while defendant has picked one option (¶ 1(c)), which is arguably the most difficult to prove.  Plaintiff is entitled to present evidence as to any of these options; however, retaining all four options (¶ 1(a)-(d)) in the instruction is likely to confuse the jury.  Before the jury is instructed, plaintiff must therefore decide which option she wishes to include in the instruction, based on the evidence presented at trial.

In addition, however, defendant's version of CACI 1901 includes in the first two sentences a reference to concealment before July 1, 1969, suggesting to the court that defendants are attempting to bypass the court's prior ruling that post-1969 concealment claims based on the claim that defendants "concealed the health effects of smoking," other than in advertising or promotion, are not preempted by the Labeling Act.  See October 22, 2012, Order Granting Defendants' Motion for Summary Judgment in Part and Denying it in Part, at 22-23; May 22, 2013, Order Granting Defendants' Motion for Partial Summary Judgment, at 15-16; July 19, 2013 Third Final Pretrial Order, at 12-14.  Accordingly, the instruction to be given will incorporate the first two sentences of plaintiff's proposed instruction, in place of the first two sentences of defendants' proposed instruction, unless plaintiff has no evidence in support of a post-1969 claim of concealment apart from advertising and promotion.  To date, plaintiff has not identified any such evidence.

To the extent that plaintiff seeks to introduce evidence relating to post-July 1, 1969 concealment apart from advertising and promotion, the court will require that plaintiff first identify the evidence by making an offer of proof establishing that the evidence does not relate to advertising or promotion, in line with the pretrial rulings.  It would seem to the court that any information that was wrongfully concealed by defendants would necessarily be the same type of information – about the health risks of smoking – that underlies the failure to

4

warn claims, and all of that evidence generally would fall within a the categories of advertising and promotion. As the court cannot even guess what evidence of concealment not relating to advertising or promotion exists in the discovery materials, if plaintiff is unable to make such an offer of proof, she will be precluded from introducing <u>any</u> post-1969 evidence, and defendants' proffered instruction would then be appropriate. The time frame for making an offer of proof will be discussed at the next pretrial conference.

The court will not instruct the jury under CACI 1904 (Opinions as Statements of Fact) or CACI 1906 (Misrepresentations Made to Persons Other Than Plaintiff), as there are no longer any misrepresentation claims in the case.

With regard to CACI 1905 (Definition of Important Fact/Promise), defendants' proposed instruction is more accurate.

With regard to CACI 1907 (Reliance) and CACI 1908 (Reasonable Reliance), plaintiff's proposed instructions are identical to the CACI instructions, and therefore more acceptable.

4.   Punitive Damages

The court advised that it would determine the proper instruction with regard to entitlement to punitive damages, and directed the parties to provide additional briefing as to the instruction regarding the calculation of the amount of punitive damages, if any.

The court will bifurcate the question of entitlement to punitive damages from the issue of determination of the amount of punitive damages. The court will not give CACI 3943, as it is inapplicable where the trial is bifurcated. Both CACI 3924 and CACI 3946 are correct, but must be reconciled so that they do not conflict, either by replacing the first paragraph of CACI 3946 with a version of CACI 3924, or in some other manner that is agreeable to the parties. Moreover, the first paragraph of CACI 3946 does not appear to be appropriate where no finding of liability has yet been made. The parties shall continue to work on this instruction.

Overall, plaintiff's proposed version of CACI 3946 is preferable, with the exception of plaintiff's substitution of "assessment" for "award" in the first paragraph. The court will also

use defendants' definition of "malice." Otherwise, plaintiff's proposed instruction mirrors the CACI instruction, and states clearly that defendants should be punished only for conduct that harmed plaintiff. The court will not divide CACI 3946 into separate instructions, as defendants propose.

CACI 3949 instructs a jury to consider each of three factors, separately, in determining the amount of punitive damages. The third is "[i]n view of that defendant's financial condition, what amount is necessary to punish the defendant and discourage future wrongful conduct?" See Adams v. Murakami, 54 Cal. 3d 105, 109 (1991). Defendants' argument that financial condition should not be admitted raises an evidentiary question that should have been brought in a motion in limine. Given that defendants' financial condition may be relevant to a determination of the reasonable amount of a punitive damages award, plaintiff's proposed instruction will be given.

The court will instruct the jury regarding the calculation of the amount of punitive damages only after the jury has found actual damages and that defendants are guilty of malice, oppression, or fraud. In that case, the jury will be required to deliberate further following presentation of evidence of defendants' financial condition. The instruction based on CACI 3949 as proposed by plaintiff need not be modified.

5.   Express Preemption

The court directed the parties to meet and confer, and prepare a joint instruction on express preemption. The parties were unable to come to an agreement.

Plaintiff's proposed instruction reads as follows:

> You may not base any finding you make in this trial on either defendant not having included additional or different warnings on their cigarette packages, advertisements, or promotions, after July 1, 1969.

Defendants' proposed instruction reads as follows:

> Beginning on July 1, 1969, the warnings that appeared on all cigarette packages were legally sufficient to warn the public of the health consequences of not smoking. You may not base any verdict you reach on any claim that after July 1, 1969, the defendant should have provided any additional or more clearly stated warnings on its packages or in its advertising or promotional materials.

> For the same reason, you may not base any verdict you reach on any claim that after July 1, 1969, any statements or images on its packages or in its advertising or promotional materials tended to minimize the health hazards associated with smoking.

The purpose of this instruction is to direct the jury that the Labeling Act preempts any claims of post-July 1, 1969, failure to include sufficient or warnings on cigarette packages or in cigarette advertising or promotional materials. The second paragraph of defendants' proposed instruction goes beyond the purpose of the instruction, and is likely to lead to juror confusion. Otherwise, while the plaintiff's proposed instruction and the first paragraph of the defendants' proposed instruction are essentially similar, the court finds the first paragraph of the defendants' proposed instruction to be slightly more accurate. Accordingly, the court will give this instruction in the form of the first paragraph of defendants' proposed instruction.

6. Immunity Period

The court directed the parties to meet and confer, and prepare a joint instruction regarding the immunity period. The parties have agreed to the following instruction:

> You may not base any verdict you reach in this trial on anything that either defendant did or did not do, or said or did not say, between January 1, 1988 and December 31, 1997.

7. Further Pretrial Conference

Finally, the plaintiff's witness lists, exhibit lists, and deposition and discovery designations are still not in a usable format, and/or continue to violate the many orders already entered in this case. The parties will be required to appear for a further pretrial conference on **Thursday, March 13, 2014, at 9:00 a.m.**, to discuss what remains to prepare the case for trial. To that end, the parties shall meet and confer in advance of the conference and prepare revised instructions which comport with the rulings above.

**IT IS SO ORDERED.**

Dated: February 20, 2014

PHYLLIS J. HAMILTON
United States District Judge