UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NIKKI POOSHS,

    Plaintiff,

v.

PHILLIP MORRIS USA, INC., et al.,

    Defendants.

_____/

No. C 04-1221 PJH

**ORDER**

On March 27, 2014, the court conducted a further final pretrial conference. At that time, the court directed the parties to meet and confer, and prepare a joint list of summaries of rulings contained in a series of pretrial orders (Docket Nos. 229, 288, 289, 310, 319, 320, 337, 364). The court further directed the parties to provide exemplars of specific evidence as to which the parties disagree regarding admissibility in the categories of exhibits, written discovery designations, witnesses, and deposition designations (based on the objections previously submitted by defendants), and to provide argument supporting each party's position with regard to admissibility, with a view towards enabling the court to rule on categorical objections. Finally, the court directed plaintiff to make an offer of proof as to post-1969 evidence that does not relate to advertising or promotion, to be offered to support plaintiff's concealment claim.

The deadline for these submissions was May 27, 2014. On May 21, 2014, plaintiffs

filed an "amended" witness list, an "amended" list of written discovery designations, and an "amended" list of deposition designations. These "amended" lists were filed without leave of court, and apparently without prior notice to defendants. On May 27, 2014, the parties filed a joint list of summaries of rulings, but only defendants contributed to the categorical objections. In addition, plaintiff filed a 44-page offer of proof, accompanied by a 12-page declaration and 101 exhibits.

The plaintiff's "amended" witness list and discovery and deposition designations are STRICKEN. Plaintiff did not seek leave of court to file them, and the court made clear at the March 27, 2014 hearing that it was endeavoring to devise a method of ruling on evidence based on the plaintiff's prior submissions and the defendants' prior objections. If the court is able to enter a ruling on categorical objections, plaintiff will be permitted to file final amended lists and designations which take into account any limitations imposed by the evidentiary rulings.

With regard to the joint list of summaries of rulings, the court directed the parties at the March 27, 2014 hearing to go through the eight orders, one by one, and list under each order the rulings contained therein. In their submission, the parties indicate that for the court's "ease of reference," they have organized the list "topically" rather than "strictly chronologically." The court prefers a list as described at the hearing, and will reorganize the list as part of its review of the accuracy of the representations regarding the content of the rulings.

With regard to the categorical objections, the court requested a joint submission and was also anticipating a list of representative examples in the <u>categories</u> of exhibits, written discovery designations, witnesses, and deposition designations. Instead, the submission was made by defendants only, and while defendants have provided categorical objections to specific items of proposed testimony to be given by plaintiff's experts Dr. Farone, Dr. Smith, and Dr. Horn, as well as objections to two categories of "exhibits," the remaining objections are set forth as to 13 "subject" categories.

Once again, the court does not have the time, resources or inclination to read every

single exhibit, discovery designation and deposition in this document intensive case prior to trial. Additionally, in the dozens of rulings that this court has already made on the various motions for summary judgment and motions in limine, the court has already decided that evidence about design defects or candy cigarettes, for example, is not admissible and there is no need for the court to simply reiterate those rulings. Nor will the court reconsider those rulings. Rather, to the extent that plaintiff continues to designate evidence in her various lists that effectively ignores those prior rulings, the court made it clear that there were only two options: 1) dealing with objections at trial without the benefit of argument, as the court does not permit speaking objections in front of the jury, or 2) permitting the parties to identity examples of representative evidence that would illustrate, from plaintiff's perspective, why the proffered evidence does not violate any of the court's prior rulings and is otherwise admissible, and from defendants' perspective, why the evidence does violate one of the court's prior rulings or is otherwise inadmissible. The court was of the view that the parties preferred a pretrial determination as to the admissibility specific categories or types of evidence, so that those rulings could be extrapolated to other evidence in order that both sides could be prepare their trial exhibits and discovery designations with some assurance that they would likely be admissible at trial. Yet, without agreement on even the representative nature of specific items of evidence, it is difficult for the court to understand how anything other than a document by document, deposition question by deposition question review at trial can be avoided.

Accordingly, to be clear, the court believes that what is required is a joint submission which identifies jointly identified specific examples of evidence in each category of exhibits, deposition designations, written discovery designations and proposed witness testimony, followed by plaintiff's arguments as to why the evidence does not violate a prior order and is otherwise admissible, followed by defendant's arguments as to why the evidence does violate a prior court order and/or is otherwise inadmissible. The parties shall immediately meet and confer to determine if this can be accomplished and if so, the submission of the joint filing shall be no later than **June 30, 2014.**

The court has no confidence that a ruling on defendants' categorical objections, which are based in large part on plaintiff's continued reliance on evidence upon which the court has already ruled, would achieve the intended goal.  Nevertheless, should the parties simply prefer a ruling on the categorical objections made by defendant to the procedure outlined by the court, plaintiff shall file a response to defendants' objections no later than **June 16, 2014**, setting forth her position as to why each item of evidence identified by defendants is admissible and the court will issue a written ruling thereafter.

Finally, defendants shall file a response, no later than **June 16, 2014**, to plaintiff's offer of proof on the concealment claim.

**IT IS SO ORDERED.**

Dated:  June 2, 2014

_____
PHYLLIS J. HAMILTON
United States District Judge