UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NIKKI POOSHS,

    Plaintiff,

    v.

PHILLIP MORRIS USA, INC., et al.,

    Defendants.

_____/

No. C 04-1221 PJH

**ORDER**

    The court issues this order in the hope of achieving a settled final version of the parties' lists of trial exhibits and witnesses, and designations of written discovery responses and written discovery excerpts for witnesses who will not testify.

    The court is in receipt of plaintiff's most recent "Supplemental/Amended Exhibit List" (Doc. 393), filed December 16, 2014, in response to the court's December 2, 2014 Order re Defendants' Categorical Objections to Plaintiff's Evidence (Doc. 392).  No later than January 30, 2015, defendants shall file any objections to plaintiff's list of exhibits.

    On November 1, 2012, defendants filed a "Witness List" (Doc. 249), an "Exhibit List" (Doc. 250), and "Page and Line Designations for the Testimony of Trial Witnesses" (Doc. 252).  On June 19, 2013, defendants filed a "Joint List of Revised Trial Exhibits" (Doc. 322). Plaintiff filed objections to the designations of page and line designations (Doc. 328). On October 17, 2013, defendants filed an "Amended Joint Witness List" (Doc. 349),  "Revised Page and Line Designations for Testimony of Trial Witnesses" (Doc. 350), and a "Joint List

of Revised Trial Exhibits" (Doc. 355). Plaintiffs filed objections to the exhibit list (Docs. 356). Apart from the June 19, 2013 and October 17, 2013 amendments, it does not appear that defendants have amended these lists, but should they wish to do so in accordance with any subsequent evidentiary rulings by the court, they must file any amended lists or designations no later than January 15, 2015. If they wish to stand on their prior lists/designations, they should so advise the court, and specifically identify by docket number the lists/designations they wish to proceed with. If plaintiff wishes to file objections to any amended lists or designations filed by defendants, she must do so no later than January 30, 2015.

Plaintiffs filed her original "List of Deposition Excerpts for Witnesses Who Will Not Testify in Person" (Doc. 254), "List of Written Discovery Responses" (Doc. 261-1), "Exhibit List" (Docs 261-3, 261-4, 261-5, 261-6), and "Witness List" (Doc. 261-7) on November 1, 2012. The subsequent revisions are too numerous to set forth here, but it appears that apart from the May 21, 2014 filings (Docs. 379, 380, and 381), which were ordered stricken by the court (Doc. 387), the most recently filed are the "Second Supplemental/Amended List of Written Discovery Responses to be Offered at Trial filed July 9, 2013 (Doc. 334), the "Third Supplemental Witness List" filed September 3, 2013 (Doc. 344), and the "Fifth Supplemental/Amended Designation of Deposition Excerpts for Witnesses Who Will not Testify in Person" filed November 1, 2013 (Doc. 361), plus the December 16, 2014 exhibit list noted above. Defendants filed objections to the list of written discovery responses, the witness list, and the deposition designations (Docs. 347, 357, 362).

No later than January 15, 2015, plaintiff shall revise the list of written discovery responses, the witness list, and/or the designation of deposition excerpts for witnesses who will not testify in person, in accordance with the recent evidentiary rulings, including but not limited to the rulings in the Order re Plaintiff's Offer of Proof (Doc. 391) and the Order re Defendants' Categorical Objections (Doc. 392). Plaintiffs may not add any new witnesses or designations, but may of course withdraw any previous designations. If defendants wish to file objections, they must do so no later than January 30, 2015. Presumably there will be

no need for defendants to file counter-designations, except to the extent that plaintiffs include designations that were included in the "Fifth Supplemental/Amended Designation of Deposition Excerpts" (Doc. 361) to which defendants objected as "additional" and "untimely" in their December 6, 2013 filing (Doc. 362).

If plaintiff wishes to get this case to trial in 2015, her counsel must submit lists/designations which truly comply with the court's prior orders as further clarified by the recent orders regarding the offer of proof and the categorical objections.

**IT IS SO ORDERED.**

Dated: December 23, 2014

PHYLLIS J. HAMILTON
United States District Judge