UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NIKKI POOSHS,

      Plaintiff,

      v.

PHILLIP MORRIS USA, INC., et al.,

      Defendant.

_____/

No. C 04-1221 PJH

**SIXTH FINAL PRETRIAL ORDER**

Pursuant to Rule 16(e) of the Federal Rules of Civil Procedure, unless modified by a subsequent order, this sixth final pretrial order is hereby entered and shall control the course of the trial, along with the October 22, 2012 order re motions to exclude expert testimony (Doc. 229); the December 5, 2012 order re motions to exclude testimony of plaintiff's experts (Doc. 288); the December 5, 2012 preliminary final pretrial order (Doc. 289); the February 15, 2013 second final pretrial order (Doc. 310); the July 19, 2013 third final pretrial order (Doc. 337); the February 20, 2014 fourth final pretrial order (as revised on April 2, 2014) (Doc. 375); the April 2, 2014 fifth final pretrial order (Doc. 376); the December 2, 2014 order re plaintiff's offer of proof (Doc. 391); and the December 2, 2014 order re defendants' categorical objections to evidence (Doc. 392).

**I.      Remaining Disputed Jury Instructions**

The court will give plaintiff's proposed instruction based on Ninth Circuit Model Jury Instruction 1.2, "Claims and Defenses." The court will also give plaintiff's proposed version

of CACI 1901, "Concealment." The court has already ruled as to CACI 1907 and 1908, see Docs. 375 and 376, and will not revisit that ruling again.

As agreed by the parties in their January 16, 2015 joint submission (Doc. 402), a complete blind set of the final jury instructions and a verdict form shall be submitted no later than **April 1, 2015**.

## II.     Objections to Trial Evidence

In the September 6, 2011 revised case management and pretrial order (Doc. 157), the parties were directed to file trial briefs, motions in limine, deposition designations for witnesses who will not testify in person, written discovery responses, trial witness lists, exhibit lists, and proposed voir dire and jury instructions in advance of the final pretrial conference. In accordance with that order, the parties commenced filing their pretrial papers on November 1, 2012.

During the intervening two-plus years – a period of pretrial preparation that is unprecedented in this court's experience – the parties have submitted piles of paper, much of which has been incoherent and of limited utility. In particular, both sides – although primarily the plaintiff – persist in seeking to proffer evidence that is barred by the court's pretrial rulings, apparently because counsel do not agree with the rulings. Both also continue to engage in the pointless exercise of lodging multiple boilerplate objections to practically every piece of evidence.

As explained on many prior occasions, the court expects the parties to adhere to the pretrial rulings when designating exhibits and deposition excerpts. In a case such as this where the exhibits and deposition excerpts comprise thousands of pages, and where the parties have objected, often in boilerplate fashion, to almost everything proffered by the opposing party, even if the court had the resources to preview every piece of paper and transcript in advance of trial, such an effort would be an exercise in futility. Time limits have been imposed exactly because of the parties' inability or refusal to exercise judgment as to the sheer quantity of evidence that can be admitted at trial. The court will thus not review, in advance of trial, thousands of exhibits and pages of transcript that are not likely to ever

be proffered much less admitted into evidence at trial. Moreover, so much of plaintiff's evidence appears to be transcripts from other trials mainly in state courts, it is impossible to tell, without the context provided by a testifying witness, how much of the evidence is even relevant to this case.

It appears to the court that neither side is making a genuine effort to prepare for trial. It is also now patently clear that more time for pretrial preparation just means more of the same. No matter what pretrial rulings are made or instructions given, the parties, primarily but not exclusively the plaintiff, have simply filed lists of exhibits and deposition excerpts that they want. Accordingly, by this order, the court makes its final pretrial rulings on the last round of objections lodged by the parties. No further pretrial objections will be entertained.

**1.   Objections to trial exhibits**

  a.   Plaintiff's objections (Doc. 403) to defendants' exhibits (Doc. 401)

    i.   Plaintiff's objection regarding the number of exhibits on defendants' "will use" list is OVERRULED.

    ii.   Plaintiff's objection to exhibits relating to evidence of defendants' knowledge, statements, public positions, and conduct after December 31, 1987, is SUSTAINED. The court did not previously rule on this issue with regard to defendants' post-1987 evidence, but will apply the same limitation to both sides.

The court previously denied plaintiff's motions in limine to exclude evidence regarding defendants' corporate social responsibility, "good deeds," and "changed behavior," and to exclude the 1998 Master Settlement Agreement and references to it, on the basis that such evidence is potentially relevant to the issue of punitive damages. However, given that plaintiff is precluded from introducing evidence of defendants' tortious conduct after 1987, it is unlikely that the post-1987 evidence that was the subject of those two motions in limine would have any relevance to any issue in the case, including the issue of punitive damages relating to the claims that remain.

    iii.   Plaintiff's objection to cigarette-design evidence is SUSTAINED.

      iv.  Plaintiff's objections to the introduction into evidence of the five-volume transcript and audio-recording of the independent medical examination of plaintiff, the Pooshs family videos and transcripts, and the DSM-5 manual are OVERRULED.

      v.  The court DEFERS ruling on any boilerplate objections, pending proffer of the evidence at trial.

  Defendants shall remove from their exhibit list all exhibits as to which objections have been sustained in this order, or which are otherwise subject to a pretrial ruling, and shall provide a copy of the amended list no later than **April 1, 2015.**

    b.  Defendants' objections (Doc. 404) to plaintiff's exhibits (Doc. 393)

      i.  Defendants' objection to the number of exhibits on plaintiff's "will use" list is OVERRULED.

      ii.  The court DEFERS ruling on defendants' objection to the inclusion of "composite" exhibits on either plaintiff's "will use" list or plaintiff's "may use" list, pending the proffer of evidence at trial.  As previously indicated, absent a stipulation regarding admissibility, each exhibit must be introduced through a sponsoring witness, and it will not suffice for the witness to simply refer to the exhibit in passing.  As a practical matter, any exhibit that includes thousands of pages will not be appropriate for introduction at trial, and thus will not be admitted.  It may be necessary to break down voluminous documents and select a page or pages which may be admitted.

      iii.  Defendants' objection to post-1987 evidence is SUSTAINED.

      iv.  Defendants' objection to evidence of aggregate harm, including evidence that refers to the entirety of the cigarette industry or evidence against cigarette manufacturers other than Philip Morris and RJR, is SUSTAINED.  However, while it is true that the court previously ruled that evidence relating to harm caused by smoking on entire populations would be excluded (Doc. 392), that ruling does not preclude the introduction of evidence relating to the connection between lung cancer and smoking cigarettes, and to the extent defendants object on that basis, the objection is OVERRULED.  (Indeed, defendants themselves have designated witnesses to testify on that very subject.)

4

     v. Defendants' objection to evidence of <u>injury</u> caused by smoking resulting in diseases other than lung cancer – including addiction as a separate injury – is SUSTAINED.  However, defendants objection to evidence relating to the addictive properties of nicotine is OVERRULED.  In addition, evidence relating to diseases other than lung cancer may be admissible if the document or testimony also refers to lung cancer caused by smoking cigarettes.

     vi. Defendants' objection to cigarette design evidence is SUSTAINED.

     vii. Defendants' objection to the inclusion of "at least 17 internal documents" allegedly constituting confidential attorney work product and attorney-client communications, which were previously ordered to be produced over defendants' objections in litigation in Minnesota, and which were subsequently posted on a public Congressional website, is OVERRULED to the extent it is based on a claim of privilege. The court will not review the merits of the Minnesota state court's ruling.

     Moreover, this case has been pending since 2004.  Defendants should have brought this issue to the attention of the court in a motion in limine or a motion for a protective order, not as an objection to proposed trial evidence at the time of final pretrial preparation.

     viii. The court DEFERS ruling on defendants' boilerplate objections – <u>e.g.</u>, "hearsay," "irrelevant," "unfair prejudice," "bad conduct evidence" – pending proffer of the evidence at trial.

  Plaintiff shall remove from her exhibit list all exhibits as to which objections have been sustained in this order, or which are otherwise subject to a pretrial ruling, and shall provide a copy of the amended list no later than **April 1, 2015.**  Plaintiff may not add any exhibits that were not included in the latest version of the list.

  **2.**  **Objections to trial witness lists**

    a. Plaintiff's objections

Plaintiff does not object to defendants' witness lists (Doc. 400/349)

5

  b. Defendants' objections (Doc. 404) to plaintiff's witness lists (Doc. 396)

In their objections, defendants provide no argument regarding plaintiff's trial witnesses, but rather simply state they are objecting to some of the proposed testimony. In support they attach a chart purporting to summarize their objections to plaintiff's characterization of the proposed witness testimony. In general, the court is unable to issue a hypothetical ruling with regard to testimony that has not yet been presented, although the following will provide a general guide:

    i. The court DEFERS ruling on defendants' boilerplate objections – e.g., "lacks foundation," "unfair prejudice," "irrelevant," "speculation," "hearsay" – pending proffer of the evidence at trial.

    ii. Defendants' objections to proposed testimony by Dr. Farone that violates the court's prior order (Doc. 229 – finding Dr. Farone not qualified to testify as expert regarding cigarette design, nicotine pharmacology, addiction, or cancer causation, and not qualified to testify as percipient witness regarding RJR's conduct or knowledge); and to testimony by Dr. Farone regarding meaning and intent of company documents, or regarding conduct at Philip Morris outside his period of employment, are SUSTAINED.

    iii. Defendants' objection to proposed testimony by Dr. Gordon Lake regarding any injury sustained by plaintiff on account of smoking cigarettes, with the exception of lung cancer, is SUSTAINED. The court DEFERS ruling as to the admissibility of any other proposed testimony by Dr. Lake regarding the general state of plaintiff's health.

    iv. Defendants' objection to proposed testimony by Melanie Mintz regarding her perception of plaintiff's addiction to smoking cigarettes is OVERRULED. The court notes, however, that plaintiff is not claiming addiction as an injury, and the court has previously held that evidence relating to injuries other than lung cancer is not admissible.

    v. Defendants' objection to proposed testimony by Michael Mintz regarding his perception of plaintiff's addiction to smoking cigarettes is OVERRULED. The court notes, however, that plaintiff is not claiming addiction as an injury, and the court has previously held that evidence relating to injuries other than lung cancer is not admissible.

vi.     Defendants' objection to proposed testimony by Marijan Pooshs regarding his perception of plaintiff's addiction to smoking cigarettes is OVERRULED.  The court notes, however, that plaintiff is not claiming addiction as an injury, and the court has previously held that evidence relating to injuries other than lung cancer is not admissible.

vii.    Defendants' objection to proposed testimony by plaintiff Nikki Pooshs regarding her perception of her addiction to smoking cigarettes is OVERRULED.  The court notes, however, that plaintiff is not claiming addiction as an injury, and the court has previously held that evidence relating to injuries other than lung cancer is not admissible.

viii.   Defendants' objections to proposed testimony by Dr. Michael Cummings that violates the court's prior orders (Doc. 229 – Dr. Cummings not qualified to testify as expert regarding cigarette design, and not qualified to testify regarding cause of plaintiff's lung cancer; and Doc. 288 – precluding testimony by Dr. Cummings regarding his opinions from his November 2012 supplemental report or his February 4, 2012 interview with plaintiff)  are SUSTAINED.  Per prior order (Doc. 288), defendants' objection to testimony by Dr. Cummings regarding the addictive properties of nicotine is OVERRULED.

ix.     Defendants' objection to proposed testimony by Dr. Barry Horn that is outside the scope of his expert report and/or deposition testimony (including testimony relating to any disease or injury suffered by plaintiff other than lung cancer), and objection to proposed testimony regarding supplemental pathology testing that took place after his deposition, are SUSTAINED.

x.      Per prior order of the court (Doc. 289), defendants' objection to proposed testimony by Dr. Samuel Hammar regarding supplemental pathology testing that took place after his deposition is SUSTAINED.

xi.     Per prior order of the court (Doc. 288), Dr. Robert Johnson may testify regarding defendants' current net worth.  Defendants' objection to plaintiff's reference to Dr. Johnson's proposed testimony regarding "defendants' assets, liabilities, revenue, and profitability" is not entirely comprehensible, and the court DEFERS any ruling

7

for that reason.

xii.     Defendants' objections to the proposed testimony by Dr. Allan Smith are not entirely comprehensible. Per prior order of the court (Doc. 288), Dr. Smith may not testify that smoking caused plaintiff's lung cancer, but may testify that in his opinion it is likely (based on statistics) that smoking contributed to the development of plaintiff's lung cancer, and may also testify regarding statistics and the established body of peer-reviewed research and studies linking smoking and lung cancer (or as to any of this other opinions that fall within the category of "epidemiology of cancer"), so long as those opinions were disclosed in his original report. To the extent that plaintiff intends that Dr. Smith will testify regarding non-lung cancer injuries, or post-1987 events or conduct by defendants, defendants' objections are SUSTAINED.

No later than **April 1, 2015**, plaintiff shall provide a revised witness list, deleting those areas of proposed testimony as to which the court has sustained defendants' objections or which are barred by prior pretrial rulings. Plaintiff may not add any witnesses or areas of proposed testimony.

**3.     Objections to designations of written discovery to be offered at trial**

a.     Plaintiff's objections

This category is inapplicable, as defendants have not designated any written discovery responses.

b.     Defendants' objections (Doc. 404) to plaintiff's designations of written discovery responses (Doc. 398).

Plaintiff has identified two sets of requests for admission propounded to Philip Morris and two sets propounded to RJR, and has designated ten responses by Philip Morris and ten responses by RJR. Defendants object to all twenty designations.

i.     The court DEFERS ruling on defendants' boilerplate objections – e.g., "hearsay," "cumulative," irrelevant," "unfair prejudice," "incomplete designation" – pending proffer of the evidence at trial. Similarly, the court is unable to rule on any "Williams/State Farm" objections until the proffer is made.

8

    ii. The objection of Philip Morris to the designation of its responses to RFA (Set 2) Nos. 14, 15, and 29, and the objection of RJR to the designation of its responses to RFA (Set 2) Nos. 14 and 29, on the basis of "unsegregated aggregate harm" are OVERRULED.  As indicated above, evidence relating to the connection between lung cancer and smoking cigarettes is admissible.

    iii. The objection of Philip Morris to the designation of its responses to RFA (Set 2) Nos. 13 and 27, and the objection of RJR to the designation of its response to RFA (Set 2) No. 27, on the basis of "non-lung cancer conditions (addiction)" are OVERRULED.  The court previously excluded evidence of <u>injury</u> other than lung cancer caused by smoking cigarettes, not evidence generally relating to the addictive properties of tobacco in defendants' cigarettes.

    iv. The objection of Philip Morris to the designation of its response to RFA (Set 2) No. 29, and the objection of RJR to the designation of its response to RFA (Set 2) No. 29, on the basis that the responses reference "non-lung cancer conditions" is OVERRULED, as the responses also reference lung cancer.

  **4.** **Objections to page/line designations of testimony of trial witnesses**

  a. Plaintiff's objections (Doc. 346) to defendants' page/line designations of prior testimony of trial witnesses Nikki Pooshs, Michael Mintz, and Lincoln Mintz (Docs. 399/350).

    i. The court DEFERS ruling on plaintiff's boilerplate objections – <u>e.g.</u>, "irrelevant," "speculation," "counsel objection," "misleading," "incomplete designation," and "unfair prejudice" – pending proffer of the evidence at trial.

    ii. Plaintiff's objections based on prior order excluding evidence of plaintiff's injuries other than lung cancer are SUSTAINED

    iii. Plaintiff's objections to the designation of her prior testimony and the prior testimony of Michael Mintz on the ground that defendants have not shown that plaintiff or Michael Mintz are unavailable are OVERRULED, in part because prior testimony may be used for purposes of impeachment.  <u>See</u> Fed. R. Civ. P. 32(a)(2).

   b. Defendants' objections to plaintiff's page/line designations of trial witnesses.

This category is inapplicable, as plaintiff did not submit page/line designations of deposition testimony for trial witnesses.

**5. Objections to page/line designations and counter-designations of witnesses who will not appear at trial.**

   a. Defendants' objections (Doc. 404) to plaintiff's revised page/line designations (Doc. 397)

     i. The court DEFERS ruling on defendants' boilerplate objections – <u>e.g.</u>, "hearsay," "lack of foundation," "calls for legal conclusion," "vague," "ambiguous," "irrelevant," "argumentative," "misstates prior testimony," "calls for speculation," "unfair prejudice" – pending proffer of the testimony at trial.

     ii. The court DEFERS ruling on objections that the designated testimony involves "meaning or intent of company documents," is barred by "express preemption," refers to some unspecified "BATCo document," or carries some "First Amendment" protection, pending proffer of the testimony at trial.

     iii. The rulings in this section are applicable to evidence presented in this trial, but are not based on a review by the court of the designations and counter-designations themselves. Generally, defendants' objection to testimony relating to defendants' knowledge, statements, public positions, and conduct after December 31, 1987; defendants' objection to cigarette-design evidence; defendants' objection to testimony that refers to the entirety of the cigarette industry or that refers to cigarette manufacturers other than Philip Morris and RJR; and defendants' objection to testimony regarding injury caused by smoking resulting in disease other than lung cancer – including addiction as a separate injury – are SUSTAINED. The court has ruled on these subjects more times than it can count and sees no reason to do so yet again. Defendants' objection to testimony relating to the connection between smoking cigarettes and addiction; and defendants' objection to testimony relating to the connection between lung cancer and

10

smoking cigarettes, are OVERRULED.

        b.      Plaintiff's objections (Doc. 405) to defendants' page/line counter-designations (lodged February 6, 2015, see Doc. 404)

              i.      The court DEFERS ruling on plaintiff's boilerplate objections – e.g., "irrelevant," "unfairly prejudicial," "cumulative," "vague," "ambiguous," "hearsay," "lack of foundation" – pending proffer of the testimony at trial.

              ii.      Generally, plaintiff's objection to testimony relating to defendants' knowledge, statements, public positions, and conduct after December 31, 1987; plaintiff's objection to cigarette-design evidence; and plaintiff's objection to testimony regarding injury caused by smoking resulting in disease other than lung cancer – including addiction as a separate injury – are SUSTAINED.

        c.      Method of proceeding at trial

The designations, objections, and counter-designations as presented to the court by the parties are unwieldy and unusable, largely because of the amount of deposition testimony that plaintiff has designated. Clearly, there is no possibility that all the designations and counter-designations can be introduced at trial. For that reason and because it is difficult to ascertain if all of this deposition testimony is even relevant to this case without the context that witnesses will provide, the court is unable to evaluate the thousands of pages of documents and transcripts and rule on the hundreds, if not thousands, of objections presented by the parties prior to trial. Indeed, the court finds it unnecessary to do so given the sheer number of pretrial rulings the court has already entered. It is unprecedented, in the court's experience, for parties this close to trial to be continuing to dispute what is or what is not admissible, and to have failed to enter into a single stipulation regarding the admissibility of evidence. Nevertheless, if this case is ever to be tried, it must proceed to trial without full benefit of the type of preparation the court has routinely experienced with all other cases on its docket. The rulings contained herein should permit the parties to submit final jury instructions, verdict form, jury questionnaire, witness lists, exhibit lists, discovery excerpts, and designations for testifying witnesses no

later than **April 1, 2015**.

The deposition designations for non-testifying witnesses are more problematic and cannot be easily determined with the jury in the box. Accordingly, the court will follow the following procedure. The court has previously advised the parties that the trial day runs from 8:30 a.m. to 1:30 p.m. At the end of each trial day, no later than approximately 1:45 p.m., the party that intends to present designated testimony the following day shall advise the court and opposing counsel which former testimony will be presented <u>on that day</u>, and shall provide copies of the former testimony to opposing counsel and the court. As soon as practicable, but no later than 2:30 p.m., the opposing party shall provide copies of objections and counter-designations, and no later than 2:45 p.m. the presenting party shall provide copies of any objections to the counter-designations. All of the designations, counter-designations and objections shall come from the filings that are currently before the court (Docs. 397, 404, 405) and counter-designations lodged by defendants and the court will entertain no additional counter-designations or objections. This limitation will also permit the parties to efficiently accomplish this exchange because the universe of documents is contained in the recent filings. The court will issue a written ruling on the objections by the close of business that day.

Given plaintiff's continued and repeated failure to comply with the orders of the court, where plaintiff is the designating party, and plaintiff provides a list of designated testimony for the following trial day which is in the court's view so voluminous that it is not capable of being read to the jury in 4.5 hours, the court will not address the objections and will not permit the testimony to be presented.

**III.    Trial Schedule**

As previously ordered, the parties will be allowed 60 hours total for the trial, exclusive of closing arguments and instructions, but inclusive of opening statements – 30 hours per side. Doc. 337 at 7. Trial begins each day at 8:30 a.m. and concludes at 1:30 p.m., with two 15-minute breaks. Thus, each day consists of 4.5 hours of trial. There is no trial on Wednesdays.

The only uninterrupted 4-week block of time the court presently has available during 2015 for the trial of this matter is the period beginning June 1, 2015.  Thus **trial is hereby set for June 1, 2015 at 8:30 a.m.**  The court will advise no later than April 1, 2015, whether jury selection will be specially set on a day the week before June1st.

**IT IS SO ORDERED.**

Dated:  March 4, 2015

_____
PHYLLIS J. HAMILTON
United States District Judge