United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NIKKI POOSHS,

    Plaintiff,

    v.

PHILLIP MORRIS USA, INC., et al.,

    Defendants.

_____/

No. C 04-1221 PJH

**SEVENTH FINAL PRETRIAL ORDER**

Pursuant to Rule 16(e) of the Federal Rules of Civil Procedure, unless modified by a subsequent order, this seventh final pretrial order is hereby entered and shall control the course of the trial, along with the October 22, 2012 order re motions to exclude expert testimony (Doc. 229); the December 5, 2012 order re motions to exclude testimony of plaintiff's experts (Doc. 288); the December 5, 2012 preliminary final pretrial order (Doc. 289); the February 15, 2013 second final pretrial order (Doc. 310); the July 19, 2013 third final pretrial order (Doc. 337); the February 20, 2014 fourth final pretrial order (as revised on April 2, 2014) (Doc. 375); the April 2, 2014 fifth final pretrial order (Doc. 376); the December 2, 2014 order re plaintiff's offer of proof (Doc. 391); the December 2, 2014 order re defendants' categorical objections to evidence (Doc. 392); and the March 4, 2015 sixth final pretrial order (Doc. 406).

I.    Remaining Disputed Jury Instructions

    A.    CACI 203 and 205

Upon further consideration, the court will not give CACI 203, because of its inherent

subjectivity. In particular, the court sees no way to instruct the jury how to determine that a party "could have provided stronger evidence."

If warranted by the evidence presented at trial, the court will give CACI 205, but only after all the evidence has been presented. The only instructions that are not contingent on the evidence actually admitted are those standard Ninth Circuit Model Jury Instructions listed in the November 2, 2007 Case Management and Pretrial Order (Doc. 120) at 4.

B.     CACI 1907

The parties' competing versions of CACI 1907 differ in two respects. First, defendants' proposed instruction refers to the alleged concealment influencing plaintiff to "smoke" cigarettes, while plaintiff's proposed instruction refers to the alleged concealment influencing her to "use" cigarettes. Second, defendants' proposed instruction includes a reference to the concealment influencing plaintiff to smoke "that defendant's" cigarettes, while plaintiff's does not refer to a defendant.

Instructions Nos. 24 and 25 both refer to plaintiff's having "smoked" – not "used" – cigarettes. Moreover, the court previously approved a version of CACI 1907 that referred to "smoke" rather than "use" – which was based on plaintiff's prior proposed instruction. Plaintiff has provided no explanation for this proposed change from "smoke" to "use," and given the language in Instruction Nos. 24 and 25, the court finds that "smoke" is more consistent, and is also more precise. If plaintiff presents some evidence at trial showing that she contracted cancer by "using" cigarettes in some way other than "smoking," the court will reconsider.

In addition, Instruction No. 24 states that to establish that her cancer was caused by smoking a defendant's cigarettes, plaintiff must prove that "smoking the defendant's cigarettes more likely than not caused her lung cancer." Thus, in order to prove that she relied on a particular defendant's concealment, plaintiff must show that the concealment influenced her to smoke "the defendant's" cigarettes and that she would not have smoked "the defendant's" cigarettes without the concealment.

Accordingly, the court will give the following version of CACI 1907:

Nikki Pooshs relied on a defendant's concealment if:

 1. The concealment substantially influenced her to smoke the defendant's cigarettes; and

 2. She would probably not have smoked the defendant's cigarettes without the concealment.

It is not necessary for a concealment to be the only reason for Nikki Pooshs' conduct.

II. "Blind" Jury Instructions

"Blind" jury instructions are instructions that include no references to the submitting party, no case citations, and no commentary, but which do include the titles – e.g., "Reliance." No later than April 20, 2015, the parties shall submit a complete set of "blind" jury instructions that includes the title of each instruction and the final version of the two instructions approved herein.

**IT IS SO ORDERED.**

Dated:  April 6, 2015

_____
PHYLLIS J. HAMILTON
United States District Judge

3