# Appendix A

Rev. 1/4/16

## C-04-1221 PJH
## POOSHS v. PHILIP MORRIS and RJ REYNOLDS
## SUMMARY OF RULINGS

| No. | Orders/Rulings | Doc. No. | Date |
|---|---|---|---|
|  | **Order re defs' motion for SJ; Order to exclude testimony of pltf's 2 cigarette-design experts** | 229 | 10/22/12 |
| 1 | – Defs' M/SJ re design-defect claims GRANTED; design claims (including negligent-design claims) are no longer in the case. | | |
| 2 | – Defs' M/SJ on fraud/misrepresentation claims GRANTED. | | |
| 3 | – Defs' M/SJ on "concert of action" claim GRANTED. | | |
| 4 | – Defs' M/SJ on concealment claim DENIED. | | |
| 5 | – Defs' M/SJ on failure-to-warn claims DENIED. | | |
| 6 | – Defs' M/Exclude cigarette-design testimony of Dr. K. Michael Cummings GRANTED. Dr. Cummings is not qualified to testify re cigarette design. See also Doc. 406. | | |
| 7 | – Defs' M/Exclude cigarette-design testimony of Dr. William Farone GRANTED. Dr. Farone is not qualified to testify re cigarette design, nicotine pharmacology, addiction, or cancer causation. He is qualified to testify re chemistry of tobacco or smoked cigarettes, but not as to elements of any particular cigarette design. He may testify as percipient witness re what he observed while employed at PM, but is not qualified to testify what PM "understood" re cigarette design, and is not qualified to testify re anything that occurred at RJR because he never worked there. See also Doc. 406. | | |

| No. | Orders/Rulings | Doc. No. | Date |
|---|---|---|---|
|  | **Order re defs' motions to exclude testimony of four of pltf's experts** | 288 | 12/5/12 |
| 8 | – Defs' M/Exclude expert testimony and fact testimony of Dr. Valerie Yerger GRANTED. | | |
| 9 | – Defs' M/Exclude expert testimony of Robert Johnson GRANTED in part and DENIED in part. He may provide opinion re economic damages. He may not testify re PM's and RJR's "financial condition," apart from testifying as to "current net worth." <u>See also</u> Doc. 406. | | |
| 10 | – Defs' M/Exclude expert testimony of Dr. Allan Smith GRANTED to extent he intends to opine that smoking caused pltf's lung cancer; DENIED to extent he plans to testify re statistics and established body of peer-reviewed research and studies linking smoking and cancer (or generally re "epidemiology of cancer") but only to extent that those opinions were disclosed in his original expert report. <u>See also</u> Doc. 406. | | |
| 11 | – Defs' M/Exclude testimony of Dr. Cummings GRANTED in part and DENIED in part. He may testify re advertising & marketing in area of public health, but only if relevant to failure-to-warn and concealment claims in this case. He may testify re nicotine addiction and methods of assessing it, but such testimony will be of marginal relevance, given that pltf is not seeking compensation for nicotine addiction. He may not testify as "summarizer of documents" re the category of "risk perception/consumer awareness," but may testify re scientific theories within his area of expertise. He may not testify re what authors of documents (or PM/RJR) had in mind when they wrote them. He may not testify re information obtained from 2/4/13 interview with pltf. <u>See also</u> Doc. 406. | | |

| No. | Orders/Rulings | Doc. No. | Date |
|---|---|---|---|
|  | **Preliminary final pretrial order and order re pltf's motions in limine** | 289 | 12/5/12 |
| 12 | – Pltf's MIL No. 1 to preclude reference to acceptance by gov't, gov't regulation, taxes, warning labels as notice of health risks, or similar statements re defs' products DENIED. |  |  |
| 13 | – Pltf's MIL No. 2 to preclude questions to witnesses re their beliefs/opinions re pltf's "personal responsibility" or "freedom of choice," use of cigarettes, issues of addiction, or whether witnesses were addicted to cigarettes DENIED for lack of specificity. |  |  |
| 14 | – Pltf's MIL No. 3 to preclude "common knowledge" evidence DENIED. |  |  |
| 15 | – Pltf's MIL No. 4 to exclude decls obtained by defs from pltf's treating physicians DENIED. |  |  |
| 16 | – Pltf's MIL No. 5 to exclude evid re defs' corporate social responsibility, "good deeds," and "changed behavior" DENIED. |  |  |
| 17 | – Pltf's MIL No. 6 to exclude Master Settlement Agreement and references thereto DENIED. |  |  |
| 18 | – Pltf's MIL No. 7 to exclude expert testimony re causation of pltf's lung cancer that does not conform with requirements of <u>Rutherford v. Owens-Illinois, Inc.</u>, 16 Cal. 4th 953 (1997) DENIED.  See also Doc. 337 (sustaining objection to evid of aggregate harm). |  |  |
| 19 | – Pltf's MIL No. 8 to preclude evid re pre-existing conditions, family hist/cancer, or other injuries/exposure to carcinogenic or other disease-producing substances unrelated to cigarette smoke exposure DENIED. |  |  |
| 20 | – Pltf's MIL No. 9 to exclude caption of complaint or references to fact that certain claims have been dropped or that certain defendants have been dropped or dismissed GRANTED in part, DENIED in part.  Court will not allow evidence relevant only to dismissed claims; complaint will not be provided to jury. |  |  |
| 21 | – Pltf's MIL No. 10 to exclude home videos DENIED here.   Parties later agreed as to all but 2 clips, and motion DENIED as to those 2 clips in Doc. 337. |  |  |

| No. | Orders/Rulings | Doc. No. | Date |
|---|---|---|---|
| | **Preliminary final pretrial order and order re defendant PM's motions in limine** | 289 (cont) | |
| 22 | – Def PM's MIL No. 1 to exclude evid of aggregate harm caused by smoking GRANTED in part and DENIED in part.  Court will not allow introduction of evid. against entire cigarette industry, or against cigarette manufacturers other than remaining defendants.  See also Doc. 337 (sustaining objection to evid of aggregate harm). | | |
| 23 | – Def PM's MIL No. 2 to exclude evid of tortious conduct pltf cannot show is connected to her own harm DENIED because of insufficient description of evidence sought to be excluded. | | |
| 24 | – Def PM's MIL No. 3 to exclude evid re Merrell Dow Pharmaceuticals and Nicorette Chewing Gum GRANTED. | | |
| 25 | – Def PM's MIL No. 4 to exclude evid re "candy cigarettes" GRANTED.  See also Doc. 310. | | |
| 26 | – Def PM's MIL No. 5 to exclude evid re allegedly tortious conduct by defs after 12/31/1987 GRANTED.  See also Docs. 310, 337, 391, 392, 406. | | |
| 27 | – Def PM's MIL No. 6 to exclude doc "A Frank Statement to Cigarette Smokers" DENIED. | | |
| 28 | – Def PM's MIL No. 7 to exclude mention of defense counsel or nature/extent of def's legal defense GRANTED.  Court will not permit comments by either side re attys representing other side. | | |
| 29 | – Def PM's MIL No. 8 to exclude evid re film "This Week – the Marlboro Story – Death in the West" DEFERRED.  Motion GRANTED in Doc. 337 (see below). | | |
| 30 | – Def PM's MIL No. 9 to preclude pltf from disparaging defs for "failing to take responsibility" and "failing to apologize to plaintiff" GRANTED in part and DENIED in part.  Both sides can present argument regarding who bears responsibility for plaintiff's injury.  Pltf's counsel will not be permitted to invite jury to draw negative inference from fact that defs are defending themselves in this litigation. | | |

| No. | Orders/Rulings | Doc. No. | Date |
|---|---|---|---|
| | **Preliminary final pretrial order and order re defendant RJR's motions in limine** | 289 (cont) | |
| 31 | – Def RJR's MIL No. 1 to exclude evidence precluded by pre-trial stip (Dr. Hammar's testimony re supplemental pathology testing) GRANTED.  See also Doc. 406.  Other witnesses deposed after supplemental testing may testify on subject. | | |
| 32 | | | |
| 33 | – Def RJR's MIL No. 2 to exclude evid of pltf's injuries other than lung cancer.  Court DECLINED to rule.  Ruling later amended and motion GRANTED in Doc. 337.  See also Docs. 392, 406. | | |
| 34 | – Def RJR's MIL No. 3 to exclude evid/argument re comparative fault DEFERRED for supplemental briefing.  Motion later GRANTED in Doc. 310. | | |
| 35 | – Def RJR's MIL No. 4 to exclude references to def's advertising/marketing, including youth marketing, DENIED. | | |
| 36 | – Def RJR's MIL No. 5 to exclude testimony re meaning/intent of company docs GRANTED in part and DENIED in part.  No witness may testify re "intent" of tobacco companies unless witness wrote the doc and is testifying re his/her intent at time doc was written.  Properly designated experts may testify re meaning of tobacco company docs to extent docs relate to complex issues of science/medicine and do not speak for themselves. | | |
| 37 | – Def RJR's MIL No. 6 to exclude 1984 "brainstorming memo" from British Am. Tobacco Co. ("BATCo") GRANTED. | | |
| 38 | – Def RJR's MIL No. 7 to exclude refs to Nat'l Cancer Inst's "Smoking and Tobacco Control Monograph No. 13" GRANTED in part and DENIED in part.  Order amended and motion GRANTED in Doc. 337. | | |
| 39 | – Def RJR's MIL No. 8 to exclude references to DOJ case and Findings GRANTED.  See also Doc. 310. | | |

| No. | Orders/Rulings | Doc. No. | Date |
|---|---|---|---|
|  | **Second final pretrial order** | 310 | 2/15/13 |
| 40 | – Reiterates that pltf's depo designations must eliminate references to evid previously ruled inadmissible – e.g., evid re "candy cigarettes" and evid re the "DOJ action," see Doc. 289; and evid re alleged tortious conduct after 12/31/1987, see also Docs 289, 337, 391, 392, 406. |  |  |
| 41 | – Evid re past medical expenses will be presented to jury in accordance with Howell v. Hamilton Meats & Provisions, Inc., 52 Cal. 4th 541 (2011).  Parties ordered to submit proposed procedure for presenting evid of future med expenses to jury. |  |  |
| 42 | – Def. RJR's MIL No. 3 re comparative fault GRANTED.  Absent introduction of this affirmative defense by defendants and absent any expert evid previously disclosed to defs, pltf will not be permitted to introduce evid or testify re her belief that she bears some percentage of responsibility for her own injuries.  If defs put on evid at trial to support argument that pltf is responsible for own injuries, and if court determines that defs are essentially arguing a comparative fault defense, court will instruct jury with CACI 405-type instruction.  If any party locates authority that is contrary to court's ruling, court will consider that authority. |  |  |
|  | **Order re defs' motion for partial summary judgment** | 319 | 5/22/13 |
| 43 | – Defs' M/Partial/SJ on pltf's off-label (post-1969) failure-to-warn claims GRANTED.  Failure-to-warn claims limited to period prior to 7/1/1969, preempted by Labeling Act after that date. |  |  |
| 44 | – Defs' M/Partial/SJ on negligence claim (apart from negligent failure-to-warn) GRANTED. Pltf has no remaining viable negligence claim apart from negligent failure-to-warn claim. |  |  |
| 45 | – Defs' M/SJ as to claims asserted against def Hill & Knowlton GRANTED.  Hill & Knowlton DISMISSED from case. |  |  |

| No. | Orders/Rulings | Doc. No. | Date |
|---|---|---|---|
| | **Order re presentation of medical expense damages** | 320 | 5/22/13 |
| 46 | – Parties shall stipulate to amounts paid for past medical expenses. | | |
| 47 | – Under <u>Corenbaum v. Lampkin</u>, 215 Cal. App. 4th 1308 (2013), <u>Howell</u> rule applies to damages for future med expenses, and full amt billed for past med care not admissible for purpose of determining reasonable value of <u>future</u> med services or noneconomic damages.  Not clear to court how pltf intends to present evid of future med expenses, in light of plaintiff's failure to present any proposal with regard to same. | | |

| No. | Orders/Rulings | Doc. No. | Date |
|---|---|---|---|
| | **Third final pretrial order re defs' objections to evidence and jury instructions** | 337 | 7/19/13 |
| 48 | – Objections to depo designations re defs' post-1987 knowledge, statements, public positions SUSTAINED. <u>See also</u> Docs. 289, 310, 391, 391, 406. | | |
| 49 | – Objections to depo designations re evid of harm from cigarette smoking on entire populations ("aggregate harm") SUSTAINED. <u>See also</u> Docs. 289, 406. | | |
| 50 | – Objections to depo designations re cigarette design SUSTAINED, as design claims are no longer in case. <u>See also</u> Docs. 229, 391, 392, 406. | | |
| 51 | – Objections to depo designations re affirmative statements/ads OVERRULED. Prior grant of SJ as to any claim of aff. misrep does not preclude admissibility of aff. statements/ads that predate the immunity period, assuming some relevance to concealment claim. | | |
| 52 | – Objections to depo designations re post-7/1/1969 evid SUSTAINED in part/OVERRULED in part. Failure-to-warn claims preempted by Labeling Act as to post-1969 period but concealment claim not preempted. Evidence/testimony re defs' knowledge of important facts after 7/1/1969 and prior to 1/1/1988 admissible to extent that pltf can show defs deliberately failed to disclose such facts with intent to deceive public, and that plft reasonably relied on defs' deception. But to extent pltf seeks to use post-1969 evid/testimony as part of failure-to-warn claim, such evid not admissible. | | |
| 53 | – Objections to depo designations of certain witnesses from outside present case (DeNoble, Dunn Jr., Heimann, Johnson, Osdene, Teague Jr.) SUSTAINED. | | |
| 54 | – Rulings re various jury instructions | | |

| No. | Orders/Rulings | Doc. No. | Date |
|---|---|---|---|
| 55 | **Third final pretrial order re deferred rulings on evidence**<br><br>– PM's MIL No. 8 to exclude "Death in the West" GRANTED. | 337 (cont) | 7/19/13 |
| 56 | – RJR's MIL No. 7 to exclude "Smoking and Tobacco Control Monograph 13" GRANTED. | | |
| 57 | – Parties met and conferred re admissibility of pltf's home videos, and agreed as to all but 2 clips. Pltf's MIL No. 10 to exclude home videos DENIED as to those 2 clips. | | |
| 58 | – RJR's MIL No. 2 to exclude evid of injuries other than cancer GRANTED. <u>See also</u> Docs. 392, 406. | | |
| 59 | **Revised fourth final pretrial order (Original fourth pretrial order was at Doc. 364.)**<br><br>– Rulings re various jury instructions | 375 | 4/2/14 |
| 60 | **Fifth final pretrial order**<br><br>– Rulings re remaining disputed jury instructions | 376 | 4/2/14 |

| No. | Orders/Rulings | Doc. No. | Date |
|---|---|---|---|
|  | **Order re plaintiff's offer of proof re concealment claim** | 391 | 12/2/14 |
| 61 | – Under <u>Cipollone</u>, any claim requiring a showing that defs' post-1969 advertising or promotion should have included additional warnings is PREEMPTED. |  |  |
| 62 | – Under <u>Cipollone</u>, any claim that defs made statements or used images in cig advertising/promotion that tended to minimize the health hazards associated with smoking is PREEMPTED. |  |  |
| 63 | – Claims that defs concealed material facts is NOT PREEMPTED insofar as it relies on state-law duty to disclose such facts through channels of communication other than advertising and promotion. |  |  |
| 64 | – Evidence relating to post-1969 advertising and promotion is EXCLUDED.  <u>See also</u> Docs. 229, 319. |  |  |
| 65 | – Evidence relating to post-1987 tortious conduct, or defs' post-1987 knowledge, statements, and public positions is NOT ADMISSIBLE to support concealment claim.  <u>See also</u> Docs. 289, 310, 337, 392, 406. |  |  |
| 66 | – Evidence re cigarette design is EXCLUDED.  <u>See also</u> Docs. 229, 337, 392, 406. |  |  |

| No. | Orders/Rulings | Doc. No. | Date |
|---|---|---|---|
|  | **Order re defendants' categorical objections to plaintiff's evidence** | 392 | 12/2/14 |
| 67 | – Entirety of former trial testimony of Geoffrey Bible is EXCLUDED, based on lack of personal knowledge. | | |
| 68 | – Objection to pre-1987 evid that extends into post-1987 period is OVERRULED; however, evidence relating to "the tobacco industry" is EXCLUDED. | | |
| 69 | – Testimony relating solely to post-1987 period is EXCLUDED.  See also Docs. 289, 310, 337, 391, 392, 406. | | |
| 70 | – Objections to "aggregate harm" evidence are SUSTAINED.  See Doc. 289, 337, 392, 406. | | |
| 71 | – Objections to evidence relating to entirety of cig industry or against cig manufacturers other than Philip Morris or RJR are SUSTAINED. | | |
| 72 | – Objections to evidence relating to harm caused by cig smoking on entire populations are SUSTAINED.  See Doc. 337. | | |
| 73 | – Evidence of injuries other than lung cancer caused by smoking cigarettes is EXCLUDED.  See Doc. 337, 406. | | |
| 74 | – Objections to cigarette-design evid are SUSTAINED.  See also Docs. 229, 337, 391, 406. | | |
| 75 | – Objections to evid re brands pltf never smoked and brands made by non-party manufacturers are SUSTAINED.  See also Doc. 289. | | |
| 76 | – Objections to advertisements and statements plaintiff did not see are SUSTAINED to extent they are dated before pltf was born; otherwise OVERRULED. | | |
| 77 | – Objections to "youth marketing" evid, see Doc. 289, and evid showing smoking as "glamorous" are OVERRULED. | | |

| No. | Orders/Rulings | Doc. No. | Date |
|---|---|---|---|
| | **Sixth final pretrial order re plaintiffs' objections to evidence** | 406 | 3/4/15 |
| 78 | – Objections to defs' exhibits and testimony relating to defs' knowledge, statements, public positions & conduct after 12/31/87 are SUSTAINED | | |
| 79 | – Objections to cigarette-design evidence are SUSTAINED. See also Docs. 229, 337, 392. | | |
| 80 | – Objections to introduction of transcript and audio-recording of IME of pltf; to introduction of Pooshs family videos & transcripts; and to introduction of DMS-5 manual are OVERRULED. | | |
| | **Sixth final pretrial order re defs' objections to evidence** | 406 | 3/4/15 |
| 81 | – Court DEFERS ruling on defs' objection to pltf's inclusion of "composite" exhibits, pending proffer of evidence at trial (introduced through sponsoring witness); any exhibit including 1000s of pages will not be appropriate for introduction at trial, and will not be admitted. | | |
| 82 | – Objection to post-1987 evidence is SUSTAINED. See also Docs 289, 310, 391, 391. | | |
| 83 | – Objection to evidence of aggregate harm is SUSTAINED, though not insofar as it pertains to connection between lung cancer and smoking cigarettes. See also Docs. 289, 337. | | |
| 84 | – Objections to evidence of injury caused by smoking, resulting in diseases other than lung cancer, including addiction as separate injury, are SUSTAINED. See also Docs. 337, 392. | | |
| 85 | – Objection to evidence relating to addictive properties of nicotine is OVERRULED. | | |
| 86 | – Objection to cigarette design evidence is SUSTAINED. See also Docs. 229, 337, 391, 392. | | |
| 87 | – Objections to documents previously produced in Minnesota litigation are OVERRULED. | | |

| No. | Orders/Rulings | Doc. No. | Date |
|---|---|---|---|
|  | **Sixth final pretrial order re defs' objections to proposed trial testimony** | 406 (cont.) | 3/4/15 |
| 88 | – Objection to proposed testimony by Dr. Farone that violates prior order (Doc. 229) is SUSTAINED. |  |  |
| 89 | – Objection to proposed testimony by Dr. Gordon Lake regarding injury sustained by pltf on account of smoking cigarettes, with exception of lung cancer, is SUSTAINED.  See also Docs. 337, 392, 406.  Court DEFERS ruling re admissibility of proposed testimony by Dr. Lake re general state of pltf's health. |  |  |
| 90 | – Objection to proposed testimony by Melanie Mintz re her perception of pltf's addiction to smoking cigarettes is OVERRULED. |  |  |
| 91 | – Objection to proposed testimony by Michael Mintz re his perception of pltf's addiction to smoking cigarettes is OVERRULED. |  |  |
| 92 | – Objection to proposed testimony by Marijan Pooshs re his perception of pltf's addiction to smoking cigarettes is OVERRULED. |  |  |
| 93 | – Objection to proposed testimony by pltf Nikki Pooshs re her perception of her addiction to smoking cigarettes is OVERRULED. |  |  |
| 94 | – Objections to proposed testimony by Dr. Michael Cummings that violates prior orders (Docs. 229, 288) are SUSTAINED.  Objection to testimony by Dr. Cummings re addictive properties of nicotine is OVERRULED.  See also Doc. 288. |  |  |
| 95 | – Objection to proposed testimony by Dr. Barry Horn that is outside scope of expert report and/or depo testimony (including testimony re injury suffered by pltf other than lung cancer) and objection to proposed testimony re supplemental pathology testing after Dr. Horn's depo are SUSTAINED. |  |  |
| 96 | – Objection to proposed testimony by Dr. Samuel Hammar re supplemental pathology testing conducted after his deposition is SUSTAINED.  See also Doc. 289. |  |  |

13

| No. | Orders/Rulings | Doc. No. | Date |
|---|---|---|---|
|  | **Sixth final pretrial order re defs' objections to proposed trial testimony** | 406 (cont.) | 3/4/15 |
| 97 | – Court DEFERS ruling on objection to proposed testimony by Dr. Robert Johnson re "defendants' assets, liabilities, revenue, and profitability" because objection is not entirely comprehensible. |  |  |
| 98 | – Objections to proposed testimony of Dr. Allan Smith that violates prior order (Doc. 288) are SUSTAINED. Objections to proposed testimony of Dr. Smith re non-lung cancer injuries, or post-1987 events or conduct by defs, are SUSTAINED. |  |  |
|  | **Seventh final pretrial order** | 421 | 4/6/15 |
| 99 | – Rulings re remaining disputed jury instructions |  |  |
| 100 | **Eighth final pretrial order** | — | — |