GILBERT L. PURCELL, ESQ., S.B. #113603
gpurcell@braytonlaw.com
JASON M. ROSE, ESQ., S.B. #265984
jrose@braytonlaw.com
BRAYTON❖PURCELL LLP
Attorneys at Law
222 Rush Landing Road
P.O. Box 6169
Novato, California 94948-6169
(415) 898-1555

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

<table>
<tr><td>NIKKI POOSHS,</td><td>)</td><td>Case No. 4:04-cv-01221 PJH (EMC)</td></tr>
<tr><td>Plaintiff,</td><td>)</td><td>BRIEF RE: VERDICT FORM AND APPORTIONMENT OF FAULT</td></tr>
<tr><td>vs.</td><td>)</td><td></td></tr>
<tr><td>ALTRIA GROUP, INC., et al.,</td><td>)</td><td>Dept: 3, Hon. Phyllis J. Hamilton<br>Action Filed: January 13, 2004</td></tr>
<tr><td>Defendants.</td><td>)</td><td></td></tr>
</table>

BRAYTON❖PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P O BOX 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

## I.    INTRODUCTION

In its Eighth Final Pre-Trial Order the Court indicated it intended to use defendants' proposed verdict form.  Question No. 19 on defendants' verdict form is incorrect in its present form.  It must be changed.  It must include a line for "all others" if it intends the percentages of fault to total 100%.  Moreover, the Court must instruct that the defendants, not the plaintiff, bear the burden of proof as to Question No. 19.  To be clear, the only apportionment involved in this matter under California law is a comprehensive apportionment of fault (responsibility),[1] not an apportionment of damages, as that is expressly not for the jury to determine.[2]  This made clear in the applicable California pattern instruction, CACI 406.[3]  (CACI 406 attached as Ex. A;

---

[1] "Fault" rather than "responsibility" because liability involves both negligent and strict products liability based claims.  See, CACI 406 (Directions for Use Note: "Throughout select 'fault' (rather than responsibility), if there is a need  to allocate responsibility between tortfeasors whose alleged liability is based on conduct other than negligence, e.g., strict products liability.")

[2] See Instruction No. 40, an instruction the Court has already stated it would give. It states, in part: **Do not attempt to divide the damages between the defendants**. The allocation of responsibility for payment of damages as between the defendants is to be done by the Court after you reach your verdict. (emphasis added.)

[3]**Apportionment of Responsibility is a different issue than Comparative fault as to the Plaintiff.** (Compare CACI 406 and CACI 405.) R. J. Reynolds Motion *in Limine* number 3 sought to exclude evidence and argument regarding the Plaintiff's comparative fault. (Dkt 257 6:15-9:12.) Defendants have repeatedly told the Court that they were not asserting a comparative fault affirmative defense, and that doing so was entirely within their discretion. Plaintiff oppositions explained that defendants motion was procedurally improper, setting forth that defendants did intend to blame Nikki Pooshs for starting her cigarette use, and not stopping sooner than later (a comparative fault defense). Defendants sought to distort Plaintiff's complaint in which she affirmatively plead her comparative fault. (Dkt. 280 8:8-14:10.) The issue of Comparative Fault was argued to the Court at the pre-trial conference on November 29, 2012. Thereafter, this Court permitted the parties to file supplemental briefing on the issue. (See Dkt. 299 and Dkt. 303.) The Court then gave its ruling in which in which it stated:

Accordingly, absent introduction of this defense by defendants and absent any expert evidence previously disclosed to defendants, plaintiff will not be permitted to introduce evidence or to testify regarding her belief that she bears some percentage of responsibility for her own injuries. **If however, defendants put on evidence at trial to support an argument that plaintiff is responsible for her own injuries, and if that evidence supports a finding that defendants are in essence arguing a comparative fault affirmative defense, even though not alleged, the court will be required to instruct the jury on comparative fault with a CACI 405-type instruction**. (Dkt. 310 12-19 [emphasis added].)

The verdict form error is not a rehash of that issue.  Apportionment of fault (CACI 406), beyond comparative fault of the plaintiff (CACI 405), is an entirely separate issue defendants have now interjected through their verdict form.

1   CACI VF-402 attached as Ex. B; See also, Chakalis v. Elevator Solutions, Inc. 205 Cal.App.4th

2   1557 (2012) (If a defendant or other party seeks to prove that another defendant or non-party

3   was at fault, that party bears a burden of proving the fact and the jury must be so instructed)

4   (emphasis added).)

5           The apportionment question is reached when defendants assert such a claim, and it is a
        question as to which the defendants, not the plaintiff, bear the burden of proof.
6       A defendant bears the burden of proving affirmative defenses and indemnity cross-
        claims. Apportionment of noneconomic damages is a form of equitable indemnity in
7       which a defendant may reduce his or her damages by establishing others are also at fault
        for the plaintiff's injuries. Placing the burden on defendant to prove fault as to nonparty
8       tortfeasors is not unjustified or unduly onerous.

9   (Wilson v. Ritto 105 Cal.App.4th 369 (2003) (emphasis added); See also California Academy

10  of Sciences v. County of Fresno 192 Cal.App.3d 1436, 1442 (1987) [an affirmative defense is

11  considered a "new matter" on which the defendant bears the burden of proof at trial] (emphasis

12  added).)  An instruction on which party bears the burden of proof is mandatory. (California

13  Evidence Code §502.)  Accordingly, the Court must instruct on this burden of proof.  CACI 406

14  is the form instruction to be given.

15  **II.     BACKGROUND: THIS IS A NEW ISSUE RAISED BY DEFENDANTS'
            VERDICT FROM WHICH ASKS THE JURY TO ASSESS AN INCOMPLETE
16          APPORTIONMENT OF FAULT/RESPONSIBILITY**

17          Although, the parties attempted to agree on a joint verdict form, the parties were unable

18  to do so, and ultimately submitted separate verdict forms.  (See Dkt. 325; Dkt. 329.)  On a

19  telephone conference in 2015, the Court told the parties it was rejecting the individually

20  submitted verdict forms, and told the parties it was inclined to give the Court drafted general

21  verdict form, if the parties could not reach an agreement.  The Court suggested the parties meet

22  and confer further and reach an accord.

23          The parties again met and conferred.  One of the issues was defendants' continued

24  inclusion of a CACI 406 style apportionment of responsibility question.  (See Dkt. 428-1 at p. 6,

25  Q.19.)  Under California law, where a defendant is seeking to apportion fault ("responsibility")

26  to others (securing for itself the resulting reduction in net judgment), all **alleged** tortfeasors,

27  including settled defendants (parties whom plaintiff alleged in her complaint were also

28  responsible for her injuries), and the plaintiff, whether or not they are a party to the action, must

1  be included on the verdict form.  (See CACI 406.)  This most often results in verdict forms with

2  an "all others" line in the pertinent question.  An 'all others' line gives defendants the benefit of

3  the apportionment of responsibility affirmative defense, without needlessly confusing the jury

4  by listing out the names of every other alleged tortfeasor.  Question No. 19. omits an "all

5  others" line, yet states the apportionment must "total 100%."  This is incorrect.  Question No.

6  19 should read as indicated below.  (See infra, p.4.)

7       Having realized that the parties were not going to agree on a special verdict form, the

8  plaintiff submitted a general verdict form.[4]  (Dkt. 425.)

9       Defendants then re-filed nearly the exact same special verdict form, the one already

10  rejected by the Court (except with letters instead of numbers next to the headings), along with a

11  general verdict form.  (Dkt. 429.)  Defendants' special verdict form misstates California law in

12  many respects and includes Question No. 19, which contrary to California law seeks to partially

13  apportion fault (recast as "responsibility") solely between parties it selected.

14       Thereafter, the Court issued its Eighth Final pretrial Order in which it stated it would

15  give defendant special verdict form, the one it had previously rejected, over plaintiff's general

16  verdict form.  Plaintiff renews her request to use either plaintiff's general verdict form, (Dkt.

17  429), or plaintiff's special verdict form, (See, Dkt. 324; Updated and attached as Ex. C), as they

18  fully tract the remaining causes of action, are consistent with California law, and follow the

19  form CACI pattern instructions.  Plaintiff objects to defendants' special verdict form in its

20  entirety, as it is confusing, duplicative, has extraneous questions and misstates California law.

21  **III.   DEFENDANTS ASSERT APPORTIONMENT OF FAULT/RESPONSIBILITY**

22  **AFFIRMATIVE DEFENSES IN THEIR ANSWERS; IT IS DEFENDANTS**
    **BURDEN, NOT PLAINTIFF'S, TO PROVE PERCENTAGES OF FAULT**

23       Under California law, defendants have the burden to prove affirmative defenses.

24  (Wilson v. Ritto 105 Cal.App.4th 369 (2003).)  Apportionment of fault ("responsibility") is an

25  affirmative defense.  The apportionment of fault affirmative defense is set forth in the judicial

26  Council of California Civil Jury Instructions (CACI) special verdict form applicable to

27

28       [4] Plaintiff had already submitted a special verdict form, (Dkt. 324.), which exactly
    tracked the remaining causes of action, and which was rejected by the Court during the 2015
    telephone conference.

1   negligence cases.  (See CACI VF 402; CACI Instruction No. 406 ['[Verdict form] 402 is

2   designed to compare the conduct of <u>all</u> defendants, the conduct of the plaintiff,[5] and the <u>conduct</u>

3   <u>of any nonparty tortfeasors</u>. "[¶] . . . [¶] . . . 'Nonparties' include the universe of tortfeasors who

4   are not present at trial, including defendants who settled before trial and nonjoined alleged

5   tortfeasors.'"  (<u>Vollaro v. Lispi</u> 224 Cal.App.4th 93 (2014) at 100 fn. 5 [internal citations

6   omitted] (emphasis added).)  "[A] 'defendants['s] liability for non-economic damages cannot

7   exceed his or her proportionate share of fault as <u>*compared with all fault responsible for the*</u>

8   <u>*plaintiff's injuries*</u>, not merely that of the defendant[s]' present in the lawsuit." (<u>Dafonte v. Up-</u>

9   <u>Right</u> 2 Cal.4th 593 (1992) at 603 (emphasis original).)

10          Defendants pled numerous apportionment related affirmative defenses in their answers.

11  (See Dkt. 164 [RJR Affirmative Defenses No(s). 19, 30, 38, 52]; Dkt. 163 [PMUSA

12  Affirmative Defenses No(s). 20, 21, 39, 42, 48].) Defendants Verdict form Question 19, asks

13  the jury to apportion responsibility.  (Dkt. 428-1 at Q.19.) It states:

14          **What percentage of Responsibility for Nikki Pooshs's lung cancer do you assign to:**
            **R.J.  Reynold:** _____ **%**

15          **Philip Morris** ___ _____ **%**
            **Total**                **100%**

16

17  The question does not comport with California law.  The jury must be given the opportunity to

18  assign fault to "all others."  The question should read:

19          **What percentage of fault for Nikki Pooshs's lung cancer do you assign to:**
            **R.J.  Reynold:** _____ **%**

20          **Philip Morris** ___ _____ **%**
            **All Others** _____ **%**

21          **Total**                **100%**

22          Under California law, it is **defendants burden to prove** apportionment of fault.  It is

23  certainly not the plaintiff's burden –and it must be one party's burden.  The jury must be

24  instructed Nikki Pooshs has pled partial responsibility for her own conduct and has alleged that

25  her lung cancer was caused by the total dose of cigarette carcinogens she inhaled, which

26

27

28

_____

[5] Defendant, "Philip Morris USA admits that plaintiff purports to admit fault for her injuries."  (Dkt. 163, PMUSA Answer to Complaint at Paragraph 25.)

1  includes cigarettes manufactured by others, including settled non-parties.[6]  No party has plead

2  or is alleging Philip Morris and R.J. Reynolds alone caused Nikki Pooshs' harm.  A CACI

3  instruction 406 must be given if defendants seek any apportionment of fault on the verdict form.

4  The jury must be instructed that the defendants bear the burden of prove on apportionment.

5  (CACI 406 tailored  to the case, attached as Ex. D.)

6  **IV.    REPLACING THE WORD RESPONSIBILITY WITH DAMAGES DOES NOT CURE ERROR –IT CREATES ERROR**

7

8          Replacing the word "responsibility" with the word "damages", as the Court suggested,

9  does not cure error rather it creates error, and conflicts with jointly submitted jury instruction

10  No. 40 (Dkt. 424-1 at p. 40), derived from CACI 3933, which states in pertinent part:

11          In deciding on the amount of damages, consider only Nikki Pooshs's claimed losses. **Do not attempt to divide the damages between defendants**. The allocation of

12          responsibility for payment of damages as between the defendants is to be done after you reach your verdict. (emphasis added.)

13

14          The plaintiff does not dispute that defendants are entitled, post verdict, to offsets for

15  prior settlements and potential credits.  (See Civ. Code, § 1431.2.)  However, calculations of the

16  net damages judgment for which each defendant is ultimately responsible is an issue for the

17  Court to determine post verdict using the jury's comprehensive apportionment findings.  (See

18  Greathouse v. Amcord 35 Cal.App.4th 831 (1995), (explains the calculation).)

19          Plaintiff urges the Court to give a proper Question No. 19 that contains an "all others"

20  line if it uses defendants' verdict form and to instruct the jury regarding CACI 406.  It is the

21  defendants' burden to prove percentages on apportionment of fault.

22  Dated:  January 19, 2016                    BRAYTON❖PURCELL LLP

23

24                                                By: /s/ Jason M. Rose

25                                                Jason M. Rose
                                                  Attorneys for Plaintiff

26

27

---

28          [6] Plaintiff alleged in her complaint, that the contributions of others, were also a "substantial factor" in causing her injury, and she has resolved with another defendant. Here defendants attempt to rewrite the plain facts of this case.

EXHIBIT A

## 406. Apportionment of Responsibility

[[*Name of defendant*] **claims that the [negligence/fault] of** [*insert name(s) or description(s) of nonparty tortfeasor(s)*] **[also] contributed to** [*name of plaintiff*]**'s harm. To succeed on this claim,** [*name of defendant*] **must prove both of the following:**

1. **That** [*insert name(s) or description(s) of nonparty tortfeasor(s)*] **[was/were] [negligent/at fault]; and**

2. **That the [negligence/fault] of** [*insert name(s) or description(s) of nonparty tortfeasor(s)*] **was a substantial factor in causing [name of plaintiff]'s harm.]**

**If you find that the [negligence/fault] of more than one person including** [*name of defendant*] **[and] [[**[*name of plaintiff*]**/ [and]** [*name(s) or description(s) of nonparty tortfeasor(s)*]**]] was a substantial factor in causing** [*name of plaintiff*]**'s harm, you must then decide how much responsibility each has by assigning percentages of responsibility to each person listed on the verdict form. The percentages must total 100 percent.**

**You will make a separate finding of** [*name of plaintiff*]**'s total damages, if any. In determining an amount of damages, you should not consider any person's assigned percentage of responsibility.**

**["Person" can mean an individual or a business entity.]**

*New September 2003; Revised June 2006, December 2007, December 2009, June 2011*

### Directions for Use

This instruction is designed to assist the jury in completing CACI No. VF-402, *Negligence—Fault of Plaintiff and Others at Issue*, which must be given in a multiple-tortfeasor case to determine comparative fault. VF-402 is designed to compare the conduct of all defendants, the conduct of the plaintiff, and the conduct of any nonparty tortfeasors.

Throughout, select "fault" if there is a need to allocate responsibility between tortfeasors whose alleged liability is based on conduct other than negligence, e.g., strict products liability.

Include the first paragraph if the defendant has presented evidence that the conduct of one or more nonparties contributed to the plaintiff's harm. (See *Stewart v. Union Carbide Corp.* (2010) 190 Cal.App.4th 23, 33 [117 Cal.Rptr.3d 791] [defendant has burden to establish concurrent or alternate causes].) "Nonparties" include the universe of tortfeasors who are not present at trial, including defendants who settled before trial and nonjoined alleged tortfeasors. (*Dafonte v. Up-Right* (1992) 2

227

This version provided by LexisNexis® Matthew Bender®, Official Publisher, 800-533-1637, www.lexisnexis.com/bookstore, for public and internal court use.

CACI No. 406                                                    NEGLIGENCE

Cal.4th 593, 603 [7 Cal.Rptr.2d 238, 828 P.2d 140].) Include "also" if the defendant concedes some degree of liability.

If the plaintiff's comparative fault is also at issue, give CACI No. 405, *Comparative Fault of Plaintiff*, in addition to this instruction.

Include the last paragraph if any of the defendants or others alleged to have contributed to the plaintiff's harm is not an individual.

## Sources and Authority

- Proposition 51. Civil Code section 1431.2.

- "[W]e hold that after *Li*, a concurrent tortfeasor whose negligence is a proximate cause of an indivisible injury remains liable for the total amount of damages, diminished only 'in proportion to the amount of negligence attributable to the person recovering.' " (*American Motorcycle Assn. v. Superior Court* (1978) 20 Cal.3d 578, 590 [146 Cal.Rptr. 182, 578 P.2d 899], citing *Li v. Yellow Cab Co.* (1975) 13 Cal.3d 804, 829 [119 Cal.Rptr. 858, 532 P.2d 1226].)

- "In light of *Li*, however, we think that the long-recognized common law equitable indemnity doctrine should be modified to permit, in appropriate cases, a right of partial indemnity, under which liability among multiple tortfeasors may be apportioned on a comparative negligence basis. . . . Such a doctrine conforms to *Li's* objective of establishing 'a system under which liability for damage will be borne by those whose negligence caused it in direct proportion to their respective fault.' " (*American Motorcycle Assn., supra*, 20 Cal.3d at p. 583.)

- "The comparative fault doctrine 'is designed to permit the trier of fact to consider all relevant criteria in apportioning liability. The doctrine "is a flexible, commonsense concept, under which a jury properly may consider and evaluate the relative responsibility of various parties for an injury (whether their responsibility for the injury rests on negligence, strict liability, or other theories of responsibility), in order to arrive at an 'equitable apportionment or allocation of loss.' " [Citation.]' " (*Pfeifer v. John Crane, Inc.* (2013) 220 Cal.App.4th 1270, 1285 [164 Cal.Rptr.3d 112].)

- "[A] 'defendant['s]' liability for noneconomic damages cannot exceed his or her proportionate share of fault *as compared with all fault responsible for the plaintiff's injuries*, not merely that of 'defendant[s]' present in the lawsuit." (*Dafonte, supra*, 2 Cal.4th at p. 603, original italics.)

- "The proposition that a jury may apportion liability to a nonparty has been adopted in the Judicial Council of California Civil Jury Instructions (CACI) special verdict form applicable to negligence cases. (See CACI Verdict Form 402 and CACI Instruction No. 406 ['[Verdict Form] 402 is designed to compare the conduct of all defendants, the conduct of the plaintiff, and the conduct of any nonparty tortfeasors. [¶] . . . [¶] . . . "Nonparties" include the universe of tortfeasors who are not present at trial, including defendants who settled before trial and nonjoined alleged tortfeasors.'].)" (*Vollaro v. Lispi* (2014) 224

228

This version provided by LexisNexis® Matthew Bender®, Official Publisher, 800-533-1637, www.lexisnexis.com/bookstore, for public and internal court use.

Cal.App.4th 93, 100 fn. 5 [168 Cal.Rptr.3d 323], internal citation omitted.)

- "[U]nder Proposition 51, fault will be allocated to an entity that is immune from *paying* for its tortious acts, but will not be allocated to an entity that is not a tortfeasor, that is, one whose actions have been declared not to be tortious." (*Taylor v. John Crane, Inc.* (2003) 113 Cal.App.4th 1063, 1071 [6 Cal.Rptr.3d 695], original italics.)

- "A defendant bears the burden of proving affirmative defenses and indemnity cross-claims. Apportionment of noneconomic damages is a form of equitable indemnity in which a defendant may reduce his or her damages by establishing others are also at fault for the plaintiff's injuries. Placing the burden on defendant to prove fault as to nonparty tortfeasors is not unjustified or unduly onerous." (*Wilson v. Ritto* (2003) 105 Cal.App.4th 361, 369 [129 Cal.Rptr.2d 336].)

- "[T]here must be substantial evidence that a nonparty is at fault before damages can be apportioned to that nonparty." (*Scott v. C. R. Bard, Inc.* (2014) 231 Cal.App.4th 763, 785 [180 Cal.Rptr.3d 479].)

- "When a defendant is liable *only* by reason of a derivative nondelegable duty arising from his status as employer or landlord or vehicle owner or coconspirator, or from his role in the chain of distribution of a single product in a products liability action, his liability is *secondary* (vicarious) to that of the actor and he is not entitled to the benefits of Proposition 51." (*Bayer-Bel v. Litovsky* (2008) 159 Cal.App.4th 396, 400 [71 Cal.Rptr.3d 518], original italics, internal citations omitted.)

- "Under the doctrine of strict products liability, all defendants in the chain of distribution are jointly and severally liable, meaning that each defendant can be held liable to the plaintiff for all damages the defective product caused." (*Romine v. Johnson Controls, Inc.* (2014) 224 Cal.App.4th 990, 1010 [169 Cal.Rptr.3d 208].)

- Proposition 51 does not apply in a strict products liability action when a single defective product produced a single injury to the plaintiff. That is, all the defendants in the stream of commerce of that single product remain jointly and severally liable. . . . [I]n strict products liability asbestos exposure actions, . . . Proposition 51 applies when there are multiple products that caused the plaintiff's injuries and there is evidence that provides a basis to allocate fault for noneconomic damages between the defective products." (*Romine, supra*, 224 Cal.App.4th at pp. 1011–1012, internal citations omitted.)

- "[T]he jury found that defendants are parties to a joint venture. The incidents of a joint venture are in all important respects the same as those of a partnership. One such incident of partnership is that all partners are jointly and severally liable for partnership obligations, irrespective of their individual partnership interests. Because joint and several liability arises from the partnership or joint venture, Civil Code section 1431.2 is not applicable." (*Myrick v. Mastagni* (2010) 185 Cal.App.4th 1082, 1091 [111 Cal.Rptr.3d 165], internal citations

229

omitted.)

### Secondary Sources

5 Witkin, Summary of California Law (10th ed. 2005) Torts, §§ 50, 52–56, 59, 60, 63, 64, 68

Haning et al., California Practice Guide: Personal Injury, Ch. 9-M, *Verdicts And Judgment*, ¶ 9:662.3 (The Rutter Group)

California Tort Guide (Cont.Ed.Bar 3d ed.) §§ 1.52–1.59

1 Levy et al., California Torts, Ch. 4, *Comparative Negligence, Assumption of the Risk, and Related Defenses*, §§ 4.04–4.03, 4.07–4.08 (Matthew Bender)

5 Levy et al., California Torts, Ch. 74, *Resolving Multiparty Tort Litigation*, § 74.03 (Matthew Bender)

4 California Trial Guide, Unit 90, *Closing Argument*, § 90.91 (Matthew Bender)

California Products Liability Actions, Ch. 2, *Liability for Defective Products*, § 2.14A, Ch. 9, *Damages*, § 9.01 (Matthew Bender)

25 California Forms of Pleading and Practice, Ch. 300, *Indemnity and Contribution*, § 300.61 (Matthew Bender)

11 California Points and Authorities, Ch. 115, *Indemnity and Contribution*, § 115.04 et seq. (Matthew Bender)

16 California Points and Authorities, Ch. 165, *Negligence*, §§ 165.284, 165.380 (Matthew Bender)

This version provided by LexisNexis® Matthew Bender®, Official Publisher, 800-533-1637, www.lexisnexis.com/bookstore, for public and internal court use.

# EXHIBIT B

### VF-402. Negligence—Fault of Plaintiff and Others at Issue

**We answer the questions submitted to us as follows:**

1. Was [*name of first defendant*] negligent?

   _____ Yes          _____ No

   Was [*name of second defendant*] negligent?

   _____ Yes          _____ No

   [*Repeat as necessary for other defendants.*]

   **If you answered yes for any defendant in question 1, then answer question 2 for that defendant. If you answered no for any defendant in question 1, insert the number zero next to that defendant's name in question 8. If you answered no for all defendants in question 1, stop here, answer no further questions, and have the presiding juror sign and date this form.**

2. **For each defendant that received a "yes" answer in question 1, answer the following:**

   Was [*name of first defendant*]'s negligence a substantial factor in causing harm to [*name of plaintiff*]?

   _____ Yes          _____ No

   Was [*name of second defendant*]'s negligence a substantial factor in causing harm to [*name of plaintiff*]?

   _____ Yes          _____ No

   [*Repeat as necessary for other defendants.*]

   **If you answered yes for any defendant in question 2, then answer question 3. If you answered no for any defendant in question 2, insert the number zero next to that defendant's name in question 8. If you did not answer yes for any defendant in question 2, stop here, answer no further questions, and have the presiding juror sign and date this form.**

3. What are [*name of plaintiff*]'s total damages? Do not reduce the damages based on the fault, if any, of [*name of plaintiff*] or others.

   [a.  Past economic loss

       [lost earnings                    $_____]

       [lost profits                     $_____]

353

This version provided by LexisNexis® Matthew Bender®, Official Publisher, 800-533-1637, www.lexisnexis.com/bookstore, for public and internal court use.

    [medical expenses             $_____]

    [other past economic loss      $_____]

            **Total Past Economic Damages: $_____]**

[b. **Future economic loss**

    [lost earnings              $_____]

    [lost profits               $_____]

    [medical expenses           $_____]

    [other future economic loss    $_____]

          **Total Future Economic Damages: $_____]**

[c. **Past noneconomic loss, including [physical pain/mental suffering:]**       $_____]

[d. **Future noneconomic loss, including [physical pain/mental suffering:]**      $_____]

                  **TOTAL $_____**

If [*name of plaintiff*] **has proved any damages, then answer question 4. If [*name of plaintiff*] has not proved any damages, then stop here, answer no further questions, and have the presiding juror sign and date this form.**

4. **Was [*name of plaintiff*] negligent?**

    _____ **Yes**     _____ **No**

**If your answer to question 4 is yes, then answer question 5. If you answered no, insert the number zero next to [*name of plaintiff*]'s name in question 8, skip question 5, and answer question 6.**

5. **Was [*name of plaintiff*]'s negligence a substantial factor in causing [his/her] harm?**

    _____ **Yes**     _____ **No**

**If your answer to question 5 is yes, then answer question 6. If you answered no, insert the number zero next to [*name of plaintiff*]'s name in question 8 and answer question 6.**

6. **Was [*name/description of first nonparty*] negligent?**

    _____ **Yes**     _____ **No**

**Was [*name/description of second nonparty*] negligent?**

    _____ **Yes**     _____ **No**

This version provided by LexisNexis® Matthew Bender®, Official Publisher, 800-533-1637, www.lexisnexis.com/bookstore, for public and internal court use.

NEGLIGENCE                                                                   VF-402

*[Repeat as necessary for other nonparties.]*

**If you answered yes for any person in question 6, then answer
question 7 for that person. If you answered no for any person in
question 6, insert the number zero next to that person's name in
question 8. If you answered no for all persons in question 6, skip
question 7 and answer question 8.**

7. **For each person who received a "yes" answer in question 6,
answer the following:**

   **Was *[name/description of first nonparty]*'s negligence a substantial
   factor in causing harm to *[name of plaintiff]*?**

   _____ Yes        _____ No

   **Was *[name/description of second nonparty]*'s negligence a
   substantial factor in causing harm to *[name of plaintiff]*?**

   _____ Yes        _____ No

   *[Repeat as necessary for other nonparties.]*

   **If you answered yes for any person in question 7, then answer
   question 8. If you answered no for any person in question 7, then
   insert the number zero next to that person's name in question 8
   and answer question 8.**

8. **What percentage of responsibility for *[name of plaintiff]*'s harm
do you assign to the following? Insert a percentage for only those
who received "yes" answers in questions 2, 5, or 7:**

   | | |
   |---|---|
   | *[Name of first defendant]*: | _____% |
   | *[Name of second defendant]*: | _____% |
   | *[Name of plaintiff]*: | _____% |
   | *[Name/description of first nonparty]*: | _____% |
   | *[Name/description of second nonparty]*: | _____% |
   | **TOTAL** | **100 %** |

Signed: _____
                **Presiding Juror**

Dated: _____

**After *[this verdict form has/all verdict forms have]* been signed, notify
the *[clerk/bailiff/court attendant]* that you are ready to present your**

This version provided by LexisNexis® Matthew Bender®, Official Publisher, 800-533-1637,
www.lexisnexis.com/bookstore, for public and internal court use.

**VF-402**                                                    NEGLIGENCE

**verdict in the courtroom.**

---

*New September 2003; Revised April 2007, December 2009, December 2010, June 2014*

## Directions for Use

This verdict form is based on CACI No. 400, *Negligence—Essential Factual Elements*, CACI No. 405, *Comparative Fault of Plaintiff*, and CACI No. 406, *Apportionment of Responsibility*.

The special verdict forms in this section are intended only as models. They may need to be modified depending on the facts of the case.

If specificity is not required, users do not have to itemize all the damages listed in question 3. The breakdown is optional depending on the circumstances.

This verdict form is designed for a single plaintiff, multiple defendants, and multiple nonparties who are alleged to have been negligent. If there are multiple plaintiffs, consider preparing a separate verdict form for each. If a coplaintiff is alleged to have been negligent and that coplaintiff's negligence is alleged to have harmed the plaintiff, treat the allegedly negligent coplaintiff as a nonparty in questions 6 and 7 and add his or her name to the list of contributing persons in question 8 of the plaintiff's verdict form.

If there are multiple causes of action, users may wish to combine the individual forms into one form. If different damages are recoverable on different causes of action, replace the damages tables in all of the verdict forms with CACI No. VF-3920, *Damages on Multiple Legal Theories*.

This form may be modified if the jury is being given the discretion under Civil Code section 3288 to award prejudgment interest on specific losses that occurred prior to judgment.

356

This version provided by LexisNexis® Matthew Bender®, Official Publisher, 800-533-1637, www.lexisnexis.com/bookstore, for public and internal court use.

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

NIKKI POOSHS,                          )
                                       )
        Plaintiff,                     )
                                       )
v.                                     )
                                       )
                                       )
                                       )   Case No. C 04-01221-PJH-JCS
PHILLIP MORRIS USA, INC., et al.,      )
                                       )
        Defendants.                    )
                                       )
                                       )
                                       )
_____    )

**PLAINTIFF'S FINAL PROPOSED SPECIAL VERDICT FORMS**

DATED: _____

_____
THE HONORABLE PHYLLIS J. HAMILTON
UNITED STATES DISTRICT JUDGE

**We, the Jury in the above-entitled action, answer the questions submitted to us as follows:**

## Products Liability – Failure to Warn[1]

**Question No. 1**:  Did defendant manufacture, distribute, or sell cigarettes?

(Answer "Yes" or "No" after the name of the defendant.)

|  |  | Yes | No |
|---|---|---|---|
| **Answer**: | Defendant Philip Morris USA Inc. | ____ | ____ |
| **Answer**: | Defendant RJ Reynolds Tobacco Company | ____ | ____ |

(If your answer to Question No. 1 is "Yes" as to both defendants or either defendant, proceed to Question No. 2. If your answer to Question No. 1 is "No" as to both defendants, have the presiding juror sign and date the last page of this packet and return it to the Court.

**Question No. 2**:  Prior to 1969, did the defendant's product have potential risks, potential side effects, or potential harms that were known or knowable through the use of scientific knowledge available at the time of manufacture, distribution, or sale?

|  |  | Yes | No |
|---|---|---|---|
| **Answer**: | Defendant Philip Morris USA Inc. | ____ | ____ |
| **Answer**: | Defendant RJ Reynolds Tobacco Company | ____ | ____ |

(If your answer to Question No. 2 is "Yes" as to both defendants or either defendant, proceed to Question No. 3. If your answer to Question No. 2 is "No" as to both defendants, proceed to Question No. 7.)

**Question No. 3**:  Prior to 1969, did potential risks, potential side effects, or potential harms, present a substantial danger to persons using or misusing defendant's product in an intended or reasonably foreseeable way?

|  |  | Yes | No |
|---|---|---|---|
| **Answer**: | Defendant Philip Morris USA Inc. | ____ | ____ |
| **Answer**: | Defendant RJ Reynolds Tobacco Company | ____ | ____ |

---

[1] Adapted from CACI VF-1203.

(If your answer to Question No. 3 is "Yes" as to both defendants or either defendant, proceed to Question No. 4. If your answer to Question No. 3 is "No" as to both defendants, proceed to Question No. 7.)

**Question No. 4**:  Prior to 1969, would an ordinary consumer not have recognized the potential risks, potential side effects, or potential harms involved as to defendant's products?

|  |  | Yes | No |
|---|---|---|---|
| **Answer**: | Defendant Philip Morris USA Inc. | _____ | _____ |
| **Answer**: | Defendant RJ Reynolds Tobacco Company | _____ | _____ |

(If your answer to Question No. 4 is "Yes" as to both defendants or either defendant, proceed to Question No. 5. If your answer to Question No. 4 is "No" as to both defendants, proceed to Question No. 7.)

**Question No. 5**:  Prior to 1969, did defendant fail to adequately warn or instruct of potential risks, potential side effects, or potential harms involved with its products?

|  |  | Yes | No |
|---|---|---|---|
| **Answer**: | Defendant Philip Morris USA Inc. | _____ | _____ |
| **Answer**: | Defendant RJ Reynolds Tobacco Company | _____ | _____ |

(If your answer to Question No. 5 is "Yes" as to both defendants or either defendant, proceed to Question No. 6. If your answer to Question No. 5 is "No" as to both defendants, proceed to Question No. 7.)

**Question No. 6**:  Was the lack of adequate warnings or sufficient instructions a substantial factor in causing harm to Plaintiff?

|  |  | Yes | No |
|---|---|---|---|
| **Answer**: | Defendant Philip Morris USA Inc. | _____ | _____ |
| **Answer**: | Defendant RJ Reynolds Tobacco Company | _____ | _____ |

(Proceed to Question 7 on the next page.)

## Products Liability – Negligent Failure to Warn[2]

**Question No. 7**:  Prior to 1969, did defendant know or should it reasonably have known that it's product was dangerous or was likely to be dangerous when used or misused in a reasonably foreseeable manner?

|  |  | Yes | No |
|---|---|---|---|
| **Answer**: | Defendant Philip Morris USA Inc. | _____ | _____ |
| **Answer**: | Defendant RJ Reynolds Tobacco Company | _____ | _____ |

(If your answer to Question No. 7 is "Yes" as to both defendants or either defendant, proceed to Question No. 8. If your answer to Question No. 7 is "No" as to both defendants, proceed to Question No. 12.)

**Question No. 8**:  Prior to 1969, did defendant know or should it reasonably have known that users of its products would not realize the danger?

|  |  | Yes | No |
|---|---|---|---|
| **Answer**: | Defendant Philip Morris USA Inc. | _____ | _____ |
| **Answer**: | Defendant RJ Reynolds Tobacco Company | _____ | _____ |

(If your answer to Question No. 8 is "Yes" as to both defendants or either defendant, proceed to Question No. 9. If your answer to Question No. 8 is "No" as to both defendants, proceed to Question No. 12.)

**Question No. 9**:  Prior to 1969, did defendant fail to adequately warn of the danger or instruct on the safe use of its product?

|  |  | Yes | No |
|---|---|---|---|
| **Answer**: | Defendant Philip Morris USA Inc. | _____ | _____ |
| **Answer**: | Defendant RJ Reynolds Tobacco Company | _____ | _____ |

(If your answer to Question No. 9 is "Yes" as to both defendants or either defendant, proceed to Question No. 10. If your answer to Question No. 9 is "No" as to both defendants, proceed to Question No. 12.)

---

[2] Adapted from CACI VF-1205.

**Question No. 10**:  Prior to 1969, would a reasonable manufacturer, distributor, or seller, under the same or similar circumstances have warned of the danger or instructed on the safe use of its product?

|  |  | Yes | No |
|---|---|---|---|
| **Answer**: | Defendant Philip Morris USA Inc. | _____ | _____ |
| **Answer**: | Defendant RJ Reynolds Tobacco Company | _____ | _____ |

(If your answer to Question No. 10 is "Yes" as to both defendants or either defendant, proceed to Question No. 11. If your answer to Question No. 10 is "No" as to both defendants, proceed to Question No. 12.)

**Question No. 11**:  Was defendant's failure to warn a substantial factor in causing harm to Plaintiff?

|  |  | Yes | No |
|---|---|---|---|
| **Answer**: | Defendant Philip Morris USA Inc. | _____ | _____ |
| **Answer**: | Defendant RJ Reynolds Tobacco Company | _____ | _____ |

(Proceed to Question 12 on the next page.)

## Concealment[3]

**Question No. 12**:  Did defendant disclose some facts to Plaintiff but intentionally fail to disclose another important fact, making the disclosure deceptive?

|  |  | Yes | No |
|---|---|---|---|
| **Answer**: | Defendant Philip Morris USA Inc. | _____ | _____ |
| **Answer**: | Defendant RJ Reynolds Tobacco Company | _____ | _____ |

(If your answer to Question No. 12 is "Yes" as to both defendants or either defendant, proceed to Question No. 13. If your answer to Question No. 12 is "No" as to both defendants, proceed to Question No. 16.)

**Question No. 13**:  Did defendant intend to deceive Plaintiff by concealing the fact?

|  |  | Yes | No |
|---|---|---|---|
| **Answer**: | Defendant Philip Morris USA Inc. | _____ | _____ |
| **Answer**: | Defendant RJ Reynolds Tobacco Company | _____ | _____ |

(If your answer to Question No. 13 is "Yes" as to both defendants or either defendant, proceed to Question No. 14. If your answer to Question No. 13 is "No" as to both defendants, proceed to Question No. 16.)

**Question No. 14**:  Did Plaintiff rely on defendant's deception and was such reliance reasonable under the circumstances?

|  |  | Yes | No |
|---|---|---|---|
| **Answer**: | Defendant Philip Morris USA Inc. | _____ | _____ |
| **Answer**: | Defendant RJ Reynolds Tobacco Company | _____ | _____ |

(If your answer to Question No. 14 is "Yes" as to both defendants or either defendant, proceed to Question No. 15. If your answer to Question No. 14 is "No" as to both defendants, proceed to Question No. 16.)

---

[3] Adapted from CACI VF-1901.

**Question No. 15**:  Was defendant's concealment a substantial factor in causing harm to Plaintiff?

|  |  | Yes | No |
|---|---|---|---|
| **Answer**: | Defendant Philip Morris USA Inc. | _____ | _____ |
| **Answer**: | Defendant RJ Reynolds Tobacco Company | _____ | _____ |

(Proceed to Question 16 on the next page.)

## Damages

(If you answered "Yes" to Question 6, Question 11 or Question 15; as to both defendants or either defendant, then proceed to Question 16. If you did not answer "Yes" to Question 6, Question 11 or Question 15 as to any defendant, then do not answer any further questions, and have the presiding juror sign and date the last page of this packet and it to the Court.)

**Question No. 16**:  What do you find to be the total amount of Plaintiff's damages?

(Enter either an amount or zero for each category of damages.)

    a.    Past medical expenses:    $_____

    b.    Future medical expenses:    $_____

    c.    Past noneconomic loss:    $_____

    d.    Future noneconomic loss:    $_____

Answer the next question.

**Question No. 17**:  What percentage of fault do you assign to:

| | | |
|---|---|---|
| **Answer**: | Plaintiff | _____ % |
| **Answer**: | Defendant RJ Reynolds Tobacco Company: | _____ % |
| **Answer**: | Defendant Philip Morris USA Inc.: | _____ % |
| **Answer**: | All Others | _____ % |
| | **TOTAL** | **100** % |

(If you filled in an amount other than zero anywhere on this form, then proceed to next page, "Punitive Damages," but do not answer any questions on that form as to a defendant if any, whose percentage of responsibility you found above to be zero.

## Punitive Damages

(Answer "Yes" to the following questions only if you find Plaintiff proved the necessary facts by clear and convincing evidence.)

**Question No. 18:**  Did defendant engage in conduct constituting malice or oppression as defined in the jury instructions committed by one or more officers, directors, or managing agents of defendant acting on behalf of defendant?

|  |  | Yes | No |
|---|---|---|---|
| **Answer:** | Defendant Philip Morris USA Inc. | _____ | _____ |
| **Answer:** | Defendant RJ Reynolds Tobacco Company | _____ | _____ |

(If your answer to Question No. 18 is Yes as to both defendants or either defendant, proceed to Question No. 19. If your answer to Question No. 18 is No as to both defendants, do not answer any further questions on this verdict form. Stop here and have the presiding juror sign and date the last page of this packet and return it to the Court.)

**Question No. 19:**  What amount of punitive damages, if any, do you assess as to:

| **Answer:** | Defendant RJ Reynolds Tobacco Company: | $_____ |
|---|---|---|
| **Answer:** | Defendant Philip Morris USA Inc.: | $_____ |

(Proceed to the next page and have the presiding juror sign and date the last page of this packet and return it to the Court.)

**Presiding Juror Signature Form**

Signed: _____   Dated: _____

(Return this verdict form and await further instructions.)

EXHIBIT D

**Instruction No. ___  Apportionment of Responsibility**

Defendants claim that the fault of others contributed to Nikki Pooshs's harm. To succeed on this claim defendants must prove both of the following:

1.      That others were at fault; and

2.      That the fault of others was a substantial factor in causing Nikki Pooshs harm.

If you find that more than one person including defendants's was a substantial factor in causing harm, you must then decide how much responsibility each has by assigning percentages of responsibility to each person listed on the verdict form. The percentage must total 100 percent. You will make a separate finding of Nikki Pooshs total damages, if any. In determining an amount of damages, you should not consider any person's assigned percentage of responsibility.

["Person" can mean an individual or a business entity.]

**Authority:** [CACI 406.]

**Instruction No. ___   Apportionment of Responsibility**

Defendants claim that the fault of others contributed to Nikki Pooshs's harm. To succeed on this claim defendants must prove both of the following:

1.   That others were at fault; and

2.   That the fault of others was a substantial factor in causing Nikki Pooshs harm.

If you find that more than one person including defendants's was a substantial factor in causing harm, you must then decide how much responsibility each has by assigning percentages of responsibility to each person listed on the verdict form. The percentage must total 100 percent. You will make a separate finding of Nikki Pooshs total damages, if any. In determining an amount of damages, you should not consider any person's assigned percentage of responsibility.

["Person" can mean an individual or a business entity.]